705 So.2d 629 (1998)
RESORTS INTERNATIONAL, INC., Resorts International (Bahamas) 1984, Ltd., Paradise Island, Ltd., and Paradise Beach Inn, Ltd., Appellants,
v.
Maria Jose SPINOLA, Appellee.
No. 97-1904.
District Court of Appeal of Florida, Third District.
January 14, 1998.
Rehearing Denied February 25, 1998.
Badiak, Will & Kallen and John D. Kallen, North Miami, for appellants.
Canning, Murray & Peltz and Brian P. Knight, Miami, for appellee.
Before NESBITT, COPE and FLETCHER, JJ.
FLETCHER, Judge.
Resorts International, Inc., Resorts International (Bahamas) 1984, Ltd., Paradise Island, Ltd., and Paradise Beach Inn, Ltd. [the defendants] appeal from the trial court's order denying their motion to dismiss on forum non conveniens grounds. We reverse.
While on vacation Maria Jose Spinola, a resident of Portugal, was injured when she fell off a "banana boat" ride (a hot-dogshaped inflatable pulled by a motorboat) at a Paradise Island Resort in The Bahamas. Spinola's initial medical treatment was at a hospital in The Bahamas, after which she was airlifted to Mt. Sinai Medical Center in Miami, where she underwent surgery. She remained hospitalized at Mt. Sinai Medical Center for two or three weeks, then returned to her home in Portugal for continued medical treatment and therapy.
The only identified connection the defendants, all foreign corporations (Bahamas or Delaware), have with Florida is the ownership by one of the defendants of a building located in North Miami, wherein, it is alleged, that defendant maintained "extensive business operations" on behalf of the other defendants. The only other connection that this action has with Florida is Spinola's surgery and two-or-three-week hospitalization at Mt. Sinai Medical Center.
Spinola filed suit in Dade County, alleging negligence in the operation and maintenance of the boat ride attraction and asserting liability against all defendants, either as a joint venture, through an agency relationship, or by direct control over the resort where the accident occurred. The defendants moved to dismiss on forum non conveniens grounds, which motion was denied by the trial court after it performed the analysis required by Kinney System v. Continental Insurance Co., 674 So.2d 86 (Fla.1996).
The defendants argue that Florida has no interest in this out-of-country accident, an argument with which we agree. A review of the trial court's reasoning demonstrates that two erroneous conclusions were the major causes which led the trial court to the wrong result. These erroneous conclusions are first, that the unavailability of a jury trial in *630 The Bahamas rendered the alternative forum inadequate; and, second, Spinola's inability to retain an attorney on a contingent fee basis (as such an arrangement is apparently prohibited in The Bahamas) also rendered the alternative forum inadequate.
We note first that the unavailability of a jury trial does not make The Bahamas an inadequate forum. In Kinney System, 674 So.2d at 91, the supreme court specifically addressed this question.
"[I]t is entirely irrelevant that the alternative forum does not duplicate or approximate the American jury system, so long as a fair mechanism for trial exists in a broad and basic sense."
Nothing in the record indicates that The Bahamas does not otherwise have a fair mechanism to try this case.
As to Spinola's apparent inability to retain an attorney on a contingent fee basis within the alternative forum, several courts have addressed this issue as a part of the forum non conveniens analysis, although more as a consideration related to the plaintiff's private interests rather than to the adequacy of the alternative forum. See Lehman v. Humphrey Cayman, Inc., 713 F.2d 339 (8th Cir. 1983), cert. denied, 464 U.S. 1042, 104 S.Ct. 708, 79 L.Ed.2d 172 (1984); Reid-Walen v. Hansen, 933 F.2d 1390 (8th Cir.1991); Lugones v. Sandals Resorts, Inc., 875 F.Supp. 821 (S.D.Fla.1995). On the other hand, it was held in H.K. Enterprises, Inc. v. Royal International Insurance Holdings, Ltd., 766 F.Supp. 581, 583 (N.D.Oh.1991), that the alternative forum in that case (England) was adequate notwithstanding that the forum's rules regarding contingency fees (as well as juries and discovery) differed from those of the plaintiff's chosen forum.
In the instant situation, however, whether we would agree with H.K. Enterprises, Inc. or take the opposite course, the result would be the same. As stated in Murray v. British Broadcasting Corp., 81 F.3d 287, 294 (2d Cir.1996):
"We note first that the unavailability of contingent fee arrangements in England is of little weight in the present matter. The availability of such arrangements in the United States is based on a policy decision regarding the assertion of rights in American courts where the parties or the claims have some tangible connection with this country. The decision to permit contingent fee arrangements was not designed to suck foreign parties disputing foreign claims over foreign events into American courts."
We conclude that as a foreign party asserting a claim based on foreign events against foreign corporations, Spinola's ability to obtain a contingent fee arrangement is of no moment in the forum non conveniens analysis. This is the case whether one considers the unavailability of contingent fee arrangements to be a part of the forum adequacy analysis or a part of the private interests analysis.
Without visiting in this opinion the remaining portions of the trial court's analysis, we reiterate that the trial court's straying from the correct path began with its missteps in dealing with forum adequacy and terminated in the wrong result. Accordingly, we conclude that the defendants' motion to dismiss should have been granted in accordance with rule 1.061(a)(4), Florida Rules of Civil Procedure.
Reversed and remanded for further proceedings consistent with this opinion.