PER CURIAM.
We find no merit in the issues raised by the Fisher Island Club, Inc.[1] We briefly address the second argument it has raised, specifically, that in making its decision the trial judge relied on “extraneous materials” which were not set forth in the pleadings. Specifically, the sixth paragraph of the trial court’s order reads as follows:
Plaintiff complains that the Court has raised the standing issue, not one of the parties. A quick review of the Court’s docket shows that in the last three years, 33 lawsuits have been filed involving a Fisher Island entity, including 17 with the present Plaintiff as a party. Several weeks ago the New York Times featured a lengthy article on Fisher Is.land litigation on page 1 -of its Sunday business section. Article I, Section 21 of the Florida Constitution guarantees that “The Courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay.” If the court system becomes a playground for the rich to joust over theoretical disputes, a necessary result is that justice will be delayed for others who have real controversies to be resolved. Every sitting judge has a responsibility to assure that this does not occur, and does not need an invitation before taking appropriate action.
We note that this was the last paragraph in an order which carefully, impartially and intellectually discusses and analyzes the legal issues presented by the lawsuit. The trial court’s venting of its frustrations in the last paragraph of its order, although unfortunate, does not undermine the integrity of its legal conclusions.
Affirmed.

. Daniel McLean, Dan Melk, John Melk, and Karen Palmer, although listed as defendants below, joined with the Fisher Island Club, Inc. as appellants.