761 So.2d 461 (2000)
Francisco Javier Gonzalez CALVO, et al., Appellants,
v.
SOL MELIA, S.A., etc., et al., Appellees.
No. 3D99-2358.
District Court of Appeal of Florida, Third District.
June 28, 2000.
*462 Porter & Korvick; Louise H. McMurray, Miami, for appellants.
White & Case and Stephen M. Corse and Carlos B. Castillo, Miami, for appellees.
Before JORGENSON, GERSTEN, and RAMIREZ, JJ.
PER CURIAM.
Spanish citizens appeal from a nonfinal order dismissing, on the basis of forum non conveniens, a personal injury action arising from an accident that occurred in the Dominican Republic. Finding no abuse of discretion, we affirm.
The appellants are citizens and residents of Spain who sued for injuries to their adult daughter who was struck by a boat while on vacation, swimming off the beach in the Dominican Republic. The daughter was treated in the Dominican Republic and at Jackson Memorial Hospital (JMH) in Miami. The resorts between which the daughter was swimming were Dominican corporations; the pilot of the motorboat that struck her was an employee of a Dominican corporation. The accident investigation was conducted by Dominican police, the plaintiffs' Spanish attorney, and various insurance companies in the Dominican Republic. The only connection the plaintiff had with Florida was her transport to JMH two weeks after the accident. After one month at JMH, the plaintiff was transported to Spain for further treatment.
In Miami, the Spanish family retained counsel and filed suit in Miami against Sol Melia S.A. and MIA, the ultimate foreign parents of the Dominican resort owners; five local (Florida) subsidiaries of those owners; and the alleged manufacturer of a float that was being towed by the boat that struck the plaintiff. Of the five subsidiaries, only two are active and have an office in Miami; neither engaged in any act related to this accident.[1] The contacts with Florida and issues of personal service *463 make ties with Florida so tenuous that the trial court expressed serious concerns as to whether jurisdiction lies at all.
After extensive discovery propounded upon them, the Melia defendants moved to dismiss on the basis of forum non conveniens; the court granted that order. After entry of that order, plaintiffs filed a virtually identical complaint in federal court and served it on defendants. The Sol Melia defendants have stipulated to liability if the case is dismissed and refiled in the Dominican Republic or Spain. The federal action is apparently proceeding. The trial court entered a twenty-nine page order containing findings of fact and conclusions of law and ruled that Miami was not the appropriate forum under the criteria of Kinney System, Inc. v. Continental Ins. Co., 674 So.2d 86 (Fla.1996). We affirm.
Kinney establishes a four-part forum non conveniens test. The trial court must first determine whether there exists an appropriate alternative forum which possesses jurisdiction over the whole case: here, either Spain or the Dominican Republic. See id. at 90. The trial court determined, and we agree, that either Spain or the Dominican Republic would provide an appropriate alternative forum.[2] The Sol Melia defendants have stipulated to liability if the case is dismissed and refiled in either Spain or the Dominican Republic.[3]
The second Kinney analysis concerns "adequate access to evidence and relevant sites, adequate access to witnesses, adequate enforcement of judgments, and the practicalities and expenses associated with the litigation." Id. at 91. As the trial court found, the witnesses to the accident (approximately 41 are listed) are in the Dominican Republic and speak only Spanish. The accident site is in the Dominican Republic, as is the boat that struck the plaintiff. The plaintiff was treated in the Dominican Republic and the accident was investigated by police and insurance representatives in the Dominican Republic. All of the medical records, except those at JMH, are in Spanish. Defendants Sol Melia have offered to pay the expenses of any witnesses who have to travel to either alternative forum.
Significantly, in its order, the trial court noted that It is undisputed that there are potential third party defendants over whom this court lacks jurisdiction, but who may be liable for some or all of the damages claimed ... It would be unfairly prejudicial to the Defendants to permit the plaintiffs to maintain suit here, where claims cannot be made against third parties and where there is the possibility of conflicting results or limitations on recovery.
The trial court gave the proper weight to the Florida court's lack of jurisdiction over potential third party defendants. The claims against those defendants would rely on the same evidence used to establish the liability of the defendants.
The third prong of Kinney is the public interest factor.
Thus, even when the private conveniences of the litigants are nearly in balance, a trial court has discretion to grant forum non conveniens dismissal upon finding that retention of jurisdiction would be unduly burdensome to the community, that there is little or no public interest in the dispute, or that foreign law will predominate if jurisdiction is retained.
Kinney, 674 So.2d at 92.
The trial court properly noted that because the actual medical treatment was not *464 at issue, "this case lacks any significant connection to Florida," and that "the availability of medical facilities in South Florida to injured parties in the Caribbean should not open Florida courts to litigation." Moreover, the Dominican Republic has a significant interest in punishing a wrongdoer within its jurisdiction and ensuring the safety of those who visit its resorts. In this case, Florida does not share those interests with regard to these parties. The presence in Florida of corporate subsidiaries whose conduct is unrelated to the claim is not relevant. See Pearl Cruises v. Cohon, 728 So.2d 1226, 1227 (Fla. 3d DCA 1999); Resorts Int'l, Inc. v. Spinola, 705 So.2d 629, 629 (Fla. 3d DCA 1998).
The fourth analytical prong of Kinney "is designed to ensure that when a forum non conveniens dismissal is granted, the remedy potentially available in the alternative forum does not become illusory." Kinney, 674 So.2d at 92. The defendants, by filing the motion to dismiss on the basis of forum non conveniens, automatically stipulated that an action filed in the new forum would be treated as though it had been filed in that forum on the date it was filed in Florida. Id. See also Fla. R. Civ. P. 1.061(c). The Sol Melia defendants' stipulations to waiving or posting any necessary plaintiff bonds further satisfies this prong of Kinney.
In short, the extensive discovery related to the issue of forum non conveniens and the trial court's thorough legal analysis of Kinney as related to the facts of this case indicate no abuse of discretion and compel the affirmance of the order of dismissal.
AFFIRMED.
NOTES
[1] The Sol Melia defendants sued are known as the "Americas Division" with headquarters in Miami; plaintiffs allege that division is responsible for management of its hotels in the western hemisphere, except for Cuba.
[2] In fact, the Sol Melia defendants have offered to waive, or actually post, any litigation bond that may be required in either alternative forum.
[3] The parties represent to the court that the Dominican Republic does not recognize product liability claims, but does recognize negligence claims; Spain recognizes both. Moreover, the trial court noted that if the case were tried here, the laws of the Dominican Republic would apply.