807 So.2d 111 (2002)
AEROLINEAS ARGENTINAS, S.A., etc., Appellant,
v.
Raquel Laura GIMENEZ, etc., Appellee.
No. 3D01-615.
District Court of Appeal of Florida, Third District.
January 23, 2002.
*112 Thornton, Davis & Fein and Holly S. Harvey, Miami, for appellant.
Nolan Law Group and Floyd A. Wisner (Chicago, Illinois); Colson Hicks Eidson and Marc Cooper, Coral Gables, for appellee.
Before GERSTEN, GODERICH and SORONDO, JJ.
PER CURIAM.
The defendant, Aerolineas Argentinas, S.A. [Aerolineas], appeals from a non-final order denying its motion to dismiss for forum non conveniens. We reverse.
On October 10, 1997, Flight No. 2553, allegedly operated by defendants, Aerolineas and Austral Lineas Aereas-Cielos Del Sur, S.A. [Austral], crashed in Uruguay while en route from Posados, Argentina, to Buenos Aires, Argentina, killing all sixty-nine passengers and five crew members. The passengers were all citizens and residents of Argentina.
In October 1999, the personal representatives of forty-nine of those killed in the crash brought wrongful death actions against Austral in federal court in Argentina alleging a malfunction of the aircraft's Pitot tube and the air speed indicator. The next day, the personal representatives of fifty-two of those killed in the crash brought wrongful death actions in the Circuit Court of Miami-Dade County against Aerolineas and Austral alleging that they negligently trained their flight crews in Miami, Florida. Two of the personal representatives are citizens and three are residents of the United States. One of the residents, Raquel Laura Gimenez, lives in Miami, Florida.
Aerolineas filed a motion to dismiss for forum non conveniens, with supporting affidavit, seeking to transfer this action to the adequate and more convenient alternate forum of Argentina. Aerolineas argued that the majority of the witnesses and documents relevant to the handling, behavior, and maintenance of the aircraft and pilot qualifications would be located in Argentina and Uruguay; that witnesses and evidence of the crew's conduct prior to the crash would be located in Argentina and Uruguay; that any eyewitness to the crash, the accident site itself, and witnesses and documents relevant to that crash investigation would be located in Uruguay; and that likely damage witnesses, the plaintiffs themselves, are mostly residents of Argentina.
The plaintiffs opposed the motion and filed expert affidavits challenging the adequacy of the Argentinian forum for several reasons. First, the plaintiffs expert explained that Argentina, by statute, imposes *113 a judicial tax equivalent to three percent of the amount claimed in the complaint. The plaintiffs' attorney estimated that a three percent filing fee as to all the suits brought in Argentina against the defendants would total in excess of $12,000,000. Next, the plaintiffs' expert also noted that, under Argentinian law, a plaintiff must offer all proof jointly with the filing of the complaint, that discovery is limited, that parties are not allowed to interrogate witnesses except under limited circumstances, and that it is difficult to obtain proof from witnesses abroad.
The plaintiffs also responded to the motion by indicating that witnesses and documents relating to the engineering, design, manufacture, and assembly of the aircraft were located in the United States; that representatives of the United States, Boeing Corporation, the Federal Aviation Administration, and the National Transportation Safety Board, that participated in the crash investigation, resided in the United States; and that the cockpit voice recorder and flight recorder were analyzed by Boeing Corporation's personnel located in California.
The trial court heard the motion and entered an order stating, "[a]s a practical matter, the assessment of the costs in the millions of dollars precludes the plaintiffs from litigating in Argentina." On this basis, the trial court concluded that Argentina was not an adequate alternate forum and denied Aerolineas' motion to dismiss. Aerolineas' motion for rehearing suggested that the court in Argentina might waive the bond requirement or reduce it. The motion for rehearing was denied, and Aerolineas' appeal follows.
Aerolineas contends that the trial court abused its discretion by denying its motion to dismiss for forum non conveniens. We agree.
In Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86, 93-94 (Fla. 1996), the Florida Supreme Court adopted the federal doctrine of forum non conveniens and codified it in Florida Rule of Civil Procedure 1.061. Rule 1.061(a) provides:
Grounds for Dismissal. An action may be dismissed on the ground that a satisfactory remedy may be more conveniently sought in a jurisdiction other than Florida when:
(1) the trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties;
(2) the trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing the plaintiffs' initial forum choice;
(3) if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and
(4) the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.
The decision to grant or deny the motion for dismissal rests in the sound discretion of the trial court, subject to review for abuse of discretion.
In accordance therewith, we first examine whether Argentina is an adequate alternate forum. "Ordinarily, this requirement will be satisfied when the defendant is `amenable to process' in the other jurisdiction." Kinney, 674 So.2d at 90 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). In the instant case, both defendants are subject to personal jurisdiction and "amenable to process" in Argentina. *114 The adequacy of the Argentinian forum is evident from the plaintiffs' own conduct in filing forty-nine wrongful death suits against Austral in Argentina. See Lueck v. Sundstrand Corp., 236 F.3d 1137, 1144 (9th Cir.2001)(holding that New Zealand's accident compensation system, where plaintiffs had already filed claim and received compensation, provided an adequate alternate remedy); Ilusorio v. Ilusorio-Bildner, 103 F.Supp.2d 672, 674 (S.D.N.Y.2000)(holding that the adequacy of the Philippines seems clear from the plaintiffs own conduct because she has commenced four lawsuits there against one or both defendants); Younis v. American University in Cairo, 30 F.Supp.2d 390, 395 (S.D.N.Y.1998)(holding that by instituting his action in the Egyptian courts, the plaintiff has sacrificed substantially any contention that litigating in Egypt would be significantly less convenient than litigating here); Luptak v. Kutchins, 768 So.2d 1196, 1197 (Fla. 4th DCA 2000)(holding that trial court's dismissal would not be disturbed, particularly where plaintiff had filed the same action in Michigan and it had already been dismissed on the merits). Further, the mere presence of filing fees, that are common in many civil law countries, does not render a forum inadequate. See Mercier v. Sheraton Int'l Inc., 981 F.2d 1345, 1353 (1st Cir.1992), cert. denied, 508 U.S. 912, 113 S.Ct. 2346, 124 L.Ed.2d 255 (1993)(bond of fifteen percent of recovery sought would not prohibit court from finding Turkey adequate forum); Diatronics, Inc. v. Elbit Computers, Ltd., 649 F.Supp. 122, 127 (S.D.N.Y.1986)(holding that Israel was adequate alternative forum even though Israeli law required non-refundable fee of two percent of amount sought); Nai-Chao v. Boeing Co., 555 F.Supp. 9, 16 (N.D.Cal. 1982), aff'd sub nom Cheng v. Boeing Co., 708 F.2d 1406 (9th Cir.), cert. denied, 464 U.S. 1017, 104 S.Ct. 549, 78 L.Ed.2d 723 (1983)(holding that despite filing fee amounting to one percent of claim and an additional fee of one-half percent for appeal, Taiwan was adequate forum). "Although the plaintiff may be forced to seek less damages [to lower the filing fee], `the prospect of a lesser recovery does not justify refusing a motion to dismiss on the ground of forum non conveniens.'" Diatronics, 649 F.Supp. at 127-28 (quoting Alcoa Steamship Co., Inc. v. M/V Nordic Regent, 654 F.2d 147, 158 (2d Cir.1978), cert. denied, 449 U.S. 890, 101 S.Ct. 248, 66 L.Ed.2d 116 (1980)). For these reasons, we find that Argentina is an adequate alternate forum.
Having determined that Argentina is an adequate alternate forum, we address the second step of the analysis, how the parties' private interests will be affected. The Kinney Court cited "four broad `practical' concerns: adequate access to evidence and relevant sites, adequate access to witnesses, adequate enforcement of judgments, and the practicalities and expenses associated with the litigation." Kinney, 674 So.2d at 91. Although there is a strong presumption favoring the plaintiffs choice of forum, the presumption can be defeated if the relative disadvantages to the defendant's private interests are of sufficient weight to overcome the presumption. Kinney, 674 So.2d at 91.
In the instant case, although the crash involved an airplane designed and manufactured in the United States, the crash occurred in Uruguay, the decedents were all Argentine citizens, the flight was a domestic flight operated by an Argentinian airline, the investigation was conducted in Uruguay, and the overwhelming majority of the witnesses relating to both liability and damages reside in Argentina or Uruguay. Additionally, much of the important documentary evidence, including Austral's *115 records and the accident investigation report, is located in Argentina and Uruguay, respectively. The expense associated with translating these documents from Spanish to English so that they could be used in circuit court here would be significant. For these reasons, we conclude that the private interest factors overwhelmingly favor the forum of Argentina.
Although the private interest factors are not in "equipoise" as they overwhelmingly favor Argentina and it is unnecessary for us to address the public interest factors, we note that the public interest factors also overwhelmingly favor dismissal of this action to Argentina because all decedents were citizens and residents of Argentina, the decedents' survivors are mostly citizens and residents of Argentina, the defendants are Argentine corporations, and the crash occurred in Uruguay during a domestic Argentine flight.
Lastly, because the plaintiffs have already filed their wrongful death actions in Argentina, there is no danger that the plaintiffs may not be able to reinstate their suit in the alternate forum without undue inconvenience or prejudice.
Accordingly, we reverse the trial court's order denying the motion to dismiss for forum non conveniens.
GERSTEN and GODERICH, JJ., concur.
SORONDO, J. (specially concurring).
I agree with the majority that the trial court abused its discretion in denying Appellant's motion to dismiss for forum non conveniens upon a finding that Argentina is not an adequate alternate forum for this law suit. I also agree with the majority's analysis of the Kinney[1] criteria, and its conclusion that the Motion to Dismiss should be granted. I write separately only to comment on the standard of review in this type of case.
Although this Court holds that the trial judge abused her discretion in determining that there is no adequate alternate forum for this law suit, it is obvious that the balance of this Court's decision is based on a de novo review of the remaining Kinney criteria in light of the very thorough record made by the attorneys below.[2] In Kinney, the Florida Supreme Court adopted the federal test for forum non conveniens determinations and held that a trial court's ruling granting or denying a motion to dismiss on these grounds would be reviewed under an abuse of discretion standard. 674 So.2d at 93-94. This has evolved into an abuse of discretion/de novo standard, depending on the extent of the trial judge's analysis and whether the appellate record is sufficient to allow reviewing courts to reach their own conclusions. See Bacardi v. De Lindzon, 728 So.2d 309 (Fla. 3d DCA 1999); Sun & Sea Estates, Ltd., Inc. v. Kelly, 707 So.2d 863 (Fla. 3d DCA 1998).
I recognize that not everyone agrees with my assessment of the present standard of review in these matters. In the usual case, many trial judges hear the motion to dismiss and simply articulate the word "granted," or "denied." Others announce that they have reviewed the Kinney criteria and that based on their analysis, the nature and extent of which they keep to themselves, they are granting or *116 denying the motion. The argument is made that under such circumstances the reviewing court simply looks at the record to determine whether or not the ruling constitutes an abuse of discretion given the totality of the record. Although I do not suggest that an abuse of discretion standard cannot be applied on a summary ruling, given the nature of the analysis defined in Kinney, I do not believe this to be the case in the present arena. In such cases, what follows is nothing less than a de novo review by the appellate court.
Federal courts have specifically addressed this issue. In In re Air Crash Disaster Near New Orleans, La., 821 F.2d 1147, 1165 (5th Cir.1987), vacated on other grounds sub nom., Pan American World Airways, Inc. v. Lopez, 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400 (1989), and reinstated in part, 883 F.2d 17 (5th Cir. 1989), the United States Court of Appeals for the Fifth Circuit defined the trial court's duty in this area as follows:
While we recognize that the decision to grant or deny a motion to dismiss for forum non conveniens is within the discretion of the district court, it should be an exercise in structured discretion founded on a procedural framework guiding the district court's decision-making [sic] process.

(Emphasis added) (citations omitted). As concerns the standard of review, the court went on to say:
Simply stated, our duty as an appellate court in reviewing forum non conveniens decisions is to review the lower court's decisionmaking [sic] process and conclusion and determine if it is reasonable; our duty is not to perform a de novo analysis and make the initial determination for the district court.
Id. at 1167 (citation omitted).
The present case is different from the examples of summary rulings given above. Here, the trial judge was within her rights to stop her analysis after concluding that there was no adequate alternate forum. See Sanwa Bank, Ltd. v. Kato, 734 So.2d 557 (Fla. 5th DCA 1999). The trial judge provided a written order that addressed that particular issue. It is clear, however, that the judge never considered the remaining Kinney criteria and that this Court's analysis of the same is de novo.
The evolution of the standard of review in forum non conveniens cases in Florida is perhaps best articulated by Judge Farmer in Smith Barney Inc. v. Potter, 725 So.2d 1223, 1225 (Fla. 4th DCA 1999):
We think no purpose would be served by a remand for the trial judge to write out in an order exactly what he had decided at each step. In this regard we contrast the present case with our recent decision in Carenza v. Sun International Hotels, Ltd., 699 So.2d 830 (Fla. 4th DCA 1997), where the entire record was insufficient for us to reach a similar conclusion. In the present case the record is quite sufficient for review. There is no per se rule requiring a remand whenever an order granting or denying dismissal on forum non conveniens grounds fails explicitly to set forth the court's resolution of the four-step analysis. If the record is sufficient to review the trial court's ultimate determination, the scarcity of the text of the order will not matter.

(Emphasis added). This Court's decisions in De Lindzon and Sun & Sea Estates on the subject of the standard of review, like the Fourth District's decision in Smith Barney, represent reasonable developments in Florida law. Although federal appellate courts have traditionally demanded written orders that thoroughly discuss and analyze each of the four factors adopted by Kinney, the Florida Supreme Court included no such specific requirement *117 in Kinney.[3] Unlike federal district judges, Florida's trial judges do not enjoy the luxury of personal law clerks to assist in the research and preparation of such lengthy written orders. They are also burdened by far greater case loads. It is reasonable, therefore, that even if the trial judge fails to conduct a meticulous step by step analysis, where the trial record is sufficiently developed so that the reviewing court can conduct its own analysis of the Kinney criteria, a de novo review of the same is not inappropriate.[4] In Kinney, the Supreme Court stated: "For purposes of Florida's forum non conveniens doctrine, opinions of the federal courts that harmonize with the views expressed [in this opinion] should be considered persuasive, though not necessarily binding." Id. at 93. Although the court adopted the federal law, it clearly retained the right to develop the same in accordance with the unique problems that exist in Florida. This is exactly what Florida's district courts are doing.
In the present case, remanding to the trial court for an analysis of the three remaining Kinney criteria would be an exercise in futility. This Court would be condemning the parties to additional, expensive litigation at the trial level and, probably, a second trip to this Court on a matter where the plaintiffs are doomed to fail. Because the record below is sufficient for me to make a decision, I concur with the majority opinion.
NOTES
[1] Kinney System, Inc. v. Continental Ins. Co., 674 So.2d 86 (Fla.1996).
[2] The trial judge does not address any of the Kinney criteria other than the absence of an adequate alternate forum in her written order. Nor did she orally address the remaining criteria at the conclusion of the hearing or at any other time.
[3] Some federal appellate court opinions indicate that equally thorough oral rulings will suffice. Nevertheless, it is apparent that whether written or oral, an extremely detailed and thorough analysis is required.
[4] Attorneys have repeatedly voiced their frustration at what they perceive to be a mutation, rather than a natural evolution, of the standard of review in this area. They argue that Florida's circuit judges should be held to the same level of analysis as federal trial judges. Accordingly, they argue that thorough written orders that analyze the facts of the case as they apply to the Kinney criteria be required, or, at the very least, that the same thorough analysis be dictated into the record by the trial judge at the time a summary order is rendered.

Because of the debate on the propriety of the direction this area of the law has taken, I respectfully suggest that it may be time for the Florida Supreme Court to revisit and clarify this issue.