818 So.2d 657 (2002)
LA REUNION FRANÇAISE, S.A., etc., et al., Appellants,
v.
LA COSTEÑA, Appellee.
Nos. 3D02-143, 3D02-184.
District Court of Appeal of Florida, Third District.
June 12, 2002.
*658 Fowler White Burnett P.A. and Steven E. Stark and Marc J. Schleier and J. Michael Pennekamp, Miami; Murray, Marin & Herman, P.A., and David P. Herman, and Rollin M. Smith, Tampa, and Carolyn Pickard, Coral Gables, for appellants.
Shutts & Bowen LLP and Harold E. Patricoff and Joey E. Schlosberg, Miami, for appellee.
Before JORGENSON, LEVY, and RAMIREZ, JJ.
JORGENSON, Judge.
In these consolidated cases, defendants appeal from nonfinal orders denying their motions to dismiss for lack of in personam jurisdiction and forum non conveniens, and on the basis of a forum selection clause. For the reasons that follow, we reverse.
Defendants are the insurers and underwriters on various policies for an airplane leased by La Costeña, a Nicaraguan airline based in Managua. This action arose from the insurers' denial of claims of loss for that airplane, which was lost, stolen, and/or hijacked in July 1995 after landing on Ometepe Island in the center of the Great Lake of Nicaragua. The pilot's body was found one day later forty miles north of Bogota, Colombia. The plane was found trashed in Colombia and was confiscated by Colombian authorities.

M.E. DENBY'S WAR RISKS POLICY(CASE NO. 02-143)
In September 1994, the insured obtained from M.E. Denby an Aircraft Hull War Risks Insurance Policy that insured 100% *659 of the war risk. That policy was issued and delivered to the insured's agent and producing broker, Nelson Hurst, in London, England. That London broker then delivered the policies to the insured's Honduran insurance broker, Larios Mayes Aseguradores, in Tegucigalpa, Honduras for ultimate delivery to the insured's main office in Managua. The policy was for one year, beginning September 17, 1994.
In November 2000, the insured filed a complaint alleging a loss arising from the incident with the leased airplane, and alleging that the war risk insurer breached the policy by denying coverage.
M.E. Denby filed a Motion to Dismiss by Special Appearance asserting lack of personal and subject matter jurisdiction; improper venue; insufficiency of process; failure to state a claim; and forum non conveniens. The court denied M.E. Denby's motion to dismiss.
We reverse, as in personam jurisdiction does not lie in Florida. M.E. Denby "lacks sufficient minimum contacts with Florida to subject it to the jurisdiction of a Florida court without running afoul of the due process guarantee of the Fourteenth Amendment to the United States Constitution." Waterman Oy v. Carnival Cruise Lines, 632 So.2d 724, 726 (Fla. 3d DCA 1994) (citing Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). M.E. Denby has no contacts with Florida, and does not engage in business in Florida. It did not issue the policy in Florida or to a Florida resident; the policy did not cover a risk in Florida. The only possible connection between this policy and Florida was the Honduran insurance broker's maintenance of a Florida bank account which may have been used to collect premiums in Florida. That contact is too tenuous to support an assertion of jurisdiction.
M.E. Denby's lack of any, let alone minimum contacts with Florida is dispositive; jurisdiction does not lie and we need not discuss the other issues raised in the motion to dismiss. See Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989) (holding that to assert jurisdiction over foreign defendant, plaintiff must meet requirements of both minimum contacts analysis and Florida's long-arm statute).

OTHER HULL RISK POLICIES (CASE NO. 02-184)
The trial court abused its discretion in denying the remaining defendants' motions to dismiss on the basis of forum non conveniens.[1] The insured's English broker obtained non-war-risk hull coverage from underwriters in England and conveyed the terms to the Honduran broker in Honduras. Those policies included an Overseas Jurisdiction Clause that provided:
It is hereby agreed that this insurance shall be governed by the law of Nicaragua whose Courts shall have jurisdiction in any dispute arising hereunder.
The policy was underwritten by multiple companies located in France, Ireland, and the United Kingdom.
In denying the motion to dismiss, the trial court failed to comply with the mandate of Kinney System v. Continental Insurance Co., 674 So.2d 86 (Fla.1996).[2] *660 In Kinney, the Florida Supreme Court adopted the federal doctrine governing forum non conveniens, and established a four-step analysis.
[1] As a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case. [2] Next, the trial judge must consider all relevant factors of a private interest, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice. [3] If the trial judge finds this balance of private interest in equipoise or near equipoise, he must then determine whether or not factors of public interest tip the balance in favor of a trial in [another] forum. [4] If he decides that the balance favors such a ... forum, the trial judge must finally ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice.
Kinney, 674 So.2d 86, 90 (citations omitted).[3] In this case, Nicaraguan courts can provide an adequate alternative forum, as the defendants agree that they are amenable to process in that jurisdiction. The "private factors" element is met, as most, if not all relevant evidence and witnesses are in Nicaragua, and perhaps Colombia. Documentary evidence is in Nicaragua or Honduras. No relevant evidence in located in Florida; plaintiff was unable to list even one Florida witness.
Finally, the defendants stipulated that there is no impediment to service of process in Nicaragua, and that there are no statute of limitations issues. The action can, therefore, be reinstated in Nicaragua without prejudice or undue inconvenience.
In sum, we reverse the orders denying the motions to dismiss, and remand with directions to enter orders dismissing all defendants without prejudice for plaintiff to refile this action in Nicaragua.
REVERSED AND REMANDED WITH DIRECTIONS.
NOTES
[1] These defendants initially argued that personal jurisdiction did not lie, but abandoned those arguments and rely only on forum non conveniens and the forum selection clause.
[2] The court's order denying the motion to dismiss for forum non conveniens does not make any findings; the court merely remarked during the hearing on that motion that "Miami is the gateway to the Americas. So, you know, you have daily flights from Miami to London ... and you have flights from Miami into alldirect flights from Miami into all of those Latin and Central American countries ...."
[3] Kinney has been codified in Rule 1.061(a) of the Florida Rules of Civil Procedure.