823 So.2d 258 (2002)
CRUISE SHIPS CATERING AND SERVICES INTERNATIONAL, N.V., Prestige Cruises, N.V., and Costa Crociere, S.p.A., Appellants,
v.
Oriel TANANTA, Appellee.
No. 3D01-2920.
District Court of Appeal of Florida, Third District.
August 7, 2002.
McAlpin & Brais and Richard McAlpin and James J. Feeney, for appellants.
J.M. Perez, Jr., for appellee.
Before GERSTEN, SHEVIN and SORONDO, JJ.
*259 SHEVIN, Judge.
Defendants Cruise Ships Catering and Service International, N.V., Prestige Cruises, N.V., and Costa Crociere, S.p.A., appeal the denial of their motion to dismiss based on forum non conveniens. We reverse.
Oriel Tananta, a Peruvian seaman, injured his back in a slip and fall accident aboard the cruise ship Costa Marina, while the ship was in international waters off the coast of Argentina. Tananta is a waiter employed by Cruise Ships Catering and Service International, N.V. ["CSCS"], a Netherlands Antilles corporation: he executed his employment contract in Peru. Prestige Cruises, N.V., a Netherlands Antilles corporation, bare-boat chartered the ship, which is owned by Costa Crociere, an Italian corporation. None of the defendants have offices in Florida. However, Costa Cruise Lines, N.V., the marketing agent for Costa Crociere, is located in Florida.
After onboard treatment by the ship's doctor, an Italian national, Tananta was treated for his injuries in Argentina, Brazil, and Peru, where he resides. He underwent back surgery in Florida. Tananta's maintenance and cure benefits are administered by International Risk Services, Inc., pursuant to its contract with CSCS. International Risk's office is located in Florida. Tananta hired a Florida attorney and filed suit in Miami-Dade County against defendants asserting claims for Jones Act negligence, unseaworthiness, and maintenance and cure. Defendants sought dismissal on forum non conveniens grounds, contending that Peru or the Netherlands Antilles was the more convenient forum. The trial court denied the motion to dismiss.
We reverse. The application of the four-step forum non conveniens analysis set forth in Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla. 1996), requires dismissal. First, either Peru or the Netherlands Antilles provide an adequate alternate forum. Defendants affirm that they are amenable to process in either jurisdiction and they submitted affidavits attesting that Tananta could recover damages for his injury in either jurisdiction. See La Reunion Francaise, S.A. v. La Costena, 818 So.2d 657 (Fla. 3d DCA 2002); Aerolineas Argentinas, S.A. v. Gimenez, 807 So.2d 111 (Fla. 3d DCA 2002); Calvo v. Sol Melia, S.A., 761 So.2d 461 (Fla. 3d DCA 2000); Pearl Cruises v. Bestor, 678 So.2d 372 (Fla. 3d DCA 1996), review denied, 689 So.2d 1068 (Fla.1997).
Second, the private factors weigh in favor of the alternate fora. The record reveals that the majority of the relevant documentary evidence and witnesses are located or accessible in Peru or the Netherlands Antilles; the only evidence here is of Tananta's surgery and his claim's file at International Risk; a judgment may be enforced in the alternate fora; and the "practicalities and expenses" of litigation militate in favor of the alternate fora. See La Reunion Francaise, S.A., 818 So.2d 657; Aerolineas Argentinas, S.A., 807 So.2d at 111.
However, even if we assume that the private factors are in or near equipoise, the public factors tip the balance in favor of the alternate fora. Florida has no interest in an accident which occurred onboard a ship off the coast of Argentina to a Peruvian citizen while he was working for a foreign corporation on a ship owned and operated by foreign corporations with no offices in Florida even though he has received some medical treatment in Florida.[1] *260 See Calvo, 761 So.2d at 463-64; Resorts Int'l, Inc. v. Spinola, 705 So.2d 629 (Fla. 3d DCA), review denied, 718 So.2d 170 (Fla.1998). In addition, Costa Cruise Lines' presence in Florida is of no moment as the substantive liability does not involve that entity. See Calvo, 761 So.2d at 463-64; Pearl Cruises v. Cohon, 728 So.2d 1226 (Fla. 3d DCA), review denied, 744 So.2d 453 (Fla.1999); Resorts Int'l, 705 So.2d at 629. Finally, the Florida presence of International Risk, the employee benefits administrator, does not render Florida's connection to this case more than minimal, at best. See Cohon, 728 So.2d at 1227. See also Aerolineas Argentinas, S.A., 807 So.2d at 111. The alternate fora have greater interests in resolving this dispute: Peru has a greater interest in protecting its citizen and the Netherlands Antilles has a significant interest in punishing an alleged wrongdoer in its jurisdiction. See Calvo, 761 So.2d at 464; Bestor, 678 So.2d at 372.
Finally, Tananta can reinstate his claims in an alternate forum without undue inconvenience or prejudice. Defendants have stipulated to jurisdiction in Peru or the Netherlands Antilles and have waived any limitations defenses. See Fla. R. Civ. P. 1.061(b), (c).
Accordingly, we reverse the order and remand with directions to enter an order dismissing the defendants without prejudice to plaintiff refiling this action in an alternate forum.
Reversed and remanded.
NOTES
[1] Tananta's Florida medical treatment is not at issue. Calvo v. Sol Melia, S.A., 761 So.2d 461 (Fla.3d DCA 2000).