847 So.2d 1064 (2003)
MURSIA INVESTMENTS CORP., and Ricardo Hernandez, Appellants,
v.
INDUSTRIA CARTONERA DOMINICANA, et al., Appellees.
No. 3D02-3098.
District Court of Appeal of Florida, Third District.
June 11, 2003.
*1065 Hogan & Hartson, and Parker D. Thomson, and Carol A. Licko, and Stephanie L. Carman, Miami, for appellants.
Sale & Kuehne, and Benedict P. Kuehne, and Susan Dmitrovsky, Miami, for appellees.
Before LEVY, RAMIREZ, and WELLS, JJ.
RAMIREZ, J.
Mursia Investments Corp. and Ricardo Hernandez appeal an order denying their motion to dismiss for forum non conveniens and Hernandez's motion to dismiss for lack of personal jurisdiction. We reverse because Florida is not the proper forum for this lawsuit.
Appellees Industria Cartonera Dominicana ("ICD") and Carton de Venezuela ("CDV"), plaintiffs at the trial level, manufacture cardboard boxes. Neither company does business in the United States. Plaintiff Smurfit Packaging Corp., a Delaware corporation with its principal place of business in Missouri, is their purchasing agent for raw materials. Smurfit administers ICD and CDV business through Smurfit Latin America with an office in *1066 Aventura, Florida. Mursia is domiciled in the Dominican Republic and is registered to do business in Florida. Hernandez is the president, secretary, and director for Mursia. He is a Spanish citizen and a resident of the Dominican Republic.
In 1994, Mursia entered into a conditional option agreement to buy ICD by 1998 for $8.5 million. The escrow agent initially placed the sum of $3.1 million with Paine-Webber in Miami as a deposit towards the purchase. The record is unclear as to the current location of the funds because the escrow agent has discretion as to where to deposit the money. Since 1997, Mursia and ICD have brought an estimated fourteen (14) lawsuits against each other in the Dominican Republic, all arising from the purchase agreement. In fact, ICD has brought approximately half of those lawsuits. Smurfit and CDV are also parties to these actions. These suits remain pending.
In November 2001, ICD filed suit in Miami circuit court alleging that Mursia had tortiously interfered with advantageous business relationships and prospective economic advantage. ICD alleged that Mursia sent notices to ICD's existing and potential Dominican customers demanding that they refrain from doing business with ICD. ICD further alleged that Mursia procured newspaper advertisements and attempted to place signs at ICD's factory stating that Mursia was ICD's owner. The newspapers are published in the Dominican Republic and the factory is located there. The complaint also alleges abuse of process in the Dominican courts.
Mursia and Hernandez subsequently filed a motion to dismiss on grounds of forum non conveniens and failure to state a cause of action. Hernandez also filed a motion to dismiss for lack of personal jurisdiction. At the evidentiary hearing on the motion to dismiss for forum non conveniens, Mursia's Dominican Republic attorney testified that ICD's claims could be brought in the Dominican Republic. ICD's president is also the vice-president for CDV and Smurfit. He testified that three potential witnesses reside in Florida and several other witnesses frequently travel to Florida or the United States. All of the alleged acts occurred in the Dominican Republic and all the other witnesses reside in the Dominican Republic. ICD's president also testified that this action is different from the pending cases in the Dominican Republic because none of those lawsuits have a claim for lost business. The trial court denied Mursia's motion to dismiss holding that Florida was the "preferred forum" and that a balancing of factors favored a trial in Florida. The trial court also found that the Dominican Republic was neither adequate nor available as a forum, apparently due to the actions of a Dominican judge who had already been removed from the bench. The trial court also denied the motions to dismiss for failure to state a cause of action and lack of personal jurisdiction.
In Kinney Sys., Inc. v. Continental Ins. Co., 674 So.2d 86 (Fla.1996), the Florida Supreme Court outlined the four-step analysis to determine whether a case should be dismissed on forum non conveniens grounds. First, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case. Id. at 90. An adequate alternative forum is established when the defendants are amenable to process in the other jurisdiction. "[T]he alternative fora are inadequate under the doctrine only if the remedy available there clearly amounts to no remedy at all." Id. at 90-91. The analysis next focuses on how the parties will be affected if the motion is granted or denied. Id. at 91. In *1067 balancing the private interests of the parties, the four concerns to be addressed are adequate access to evidence, adequate access to witnesses, adequate enforcement of judgments, and the practicalities and expenses associated with the litigation. Id. at 91. The trial court then proceeds to weigh public interest factors including whether the case has a general nexus with the forum sufficient to justify the forum's commitment of judicial time and resources to it. Id. at 91-92. The fourth and final step in the analysis is to ensure that, when a forum non conveniens dismissal is granted, the potential remedy in the alternative forum does not become illusory. Id. at 92.
In this case, Mursia is domiciled in the Dominican Republic and Hernandez resides there. They are thus amenable to process in the Dominican Republic and were served there in this action. Mursia and Hernandez introduced evidence that ICD and CDV had brought seven lawsuits against them in the Dominican Republic. These parties are all under Dominican jurisdiction through the numerous lawsuits still pending there. Further, the defendants' claim that the Dominican Republic is an adequate forum will not be overcome by allegations that the Dominican courts are corrupt. See Banco Mercantil, S.A. v. Hernandez Arencibia, 927 F.Supp. 565 (D.P.R.1996).
A balancing of the private interests factor heavily favors dismissal. The evidence and almost all the witnesses are in the Dominican Republic. Travel expenses and the expense of translating documents and depositions into English would be significant. See Aerolineas Argentinas, S.A. v. Gimenez, 807 So.2d 111 (Fla. 3d DCA 2002). Additionally, no special weight should have been given to the plaintiffs' choice of forum because they are all foreign plaintiffs. See Ciba-Geigy Ltd. v. Fish Peddler, Inc., 691 So.2d 1111, 1118 (Fla. 4th DCA 1997) (presumption favoring the plaintiffs' choice of forum does not apply to foreign plaintiffs).
Although the public interest analysis is undertaken only when the parties' interests are in equipoise and is not necessary in this case, the public interest factor also favors dismissal. The inquiry focuses on whether the nexus with the forum is sufficient to justify the forum's commitment of judicial time and resources. See Kinney, 674 So.2d at 92. A company domiciled in the Dominican Republic allegedly committed torts against a Dominican company. The only nexus to Florida is that Smurfit Packaging administers ICD and CDV's business through Smurfit Latin America which is based in Aventura and Mursia is registered to do business in Florida. "Even the fact that a corporation has its principal place of business in Florida does not necessarily preclude application of the doctrine of forum non conveniens." Id. at 93. See also Cruise Ships Catering and Servs. Int'l, N.V. v. Tananta, 823 So.2d 258, 260 (Fla. 3d DCA 2002) (dismissal appropriate when alternate forum has a greater interest in resolving the dispute). Thus, the plaintiffs' connection to Florida is tenuous and Mursia's connection to Florida does not preclude dismissal.
We further find that the remedy sought is available in the alternative forum. Mursia and Hernandez offered evidence that ICD and CDV had already brought the same suit in the Dominican Republic and litigation was still pending there. Mursia's attorney testified that these causes of action are available in the Dominican Republic. As a further safeguard, the parties must stipulate to certain conditions of dismissal and the trial court may retain jurisdiction over assets located in Florida in order to guarantee the potential remedy. See Kinney, 674 So.2d at 92. See also *1068 Calvo v. Sol Melia, S.A., 761 So.2d 461, 464 (Fla. 3d DCA 2000).
We therefore hold that the motion to dismiss for forum non conveniens should have been granted. Consequently, we need not determine whether personal jurisdiction exists as to Hernandez.
Reversed.