KLEIN, J.,
concurring specially.
I agree with the majority and am writing only to express my views as to the merits of the motion to dismiss.
Plaintiff is a Peruvian resident who was working in the Bahamas with a Bahamian work permit. He was injured by a machine operating at a chemical manufacturing plant owned by Uniroyal Chemical Company Ltd. Uniroyal hired an American company to inspect the machine right after the accident, the inspection was videotaped, and the machine was then altered to prevent the type of accident *1217 which occurred in this case. There were no eyewitnesses to the accident other than plaintiff, who was working on a Bahamian holiday. Uniroyal has settled with plaintiff.
Matheson Tri-Gas, Inc., the only party moving to dismiss, has its principal place of business in New Jersey, but has a manufacturing facility in Jupiter, Florida, and sells its products in Broward and Palm Beach counties. Uniroyal purchased the machine which injured plaintiff from Matheson. Matheson subcontracted the design and manufacture of the equipment to Nitrotec, Inc., which designed and manufactured the equipment in Maryland.
After being injured, plaintiff was immediately transported to Baptist Hospital in Miami where he remained for nearly four months. He and his family live in Peru, but he travels to Miami for further medical treatment. The complaint he filed against Matheson and Nitrotec alleges strict liability and defective design of the machine.
Matheson moved to dismiss based on forum non conveniens as adopted by the Florida Supreme Court in Kinney Sys., Inc. v. Continental Ins. Co., 674 So.2d 86, 88 (Fla.1996). The public policy underlying that decision was that the Florida judicial system should not be resolving “disputes utterly unconnected with this state’s interests.” As the court further explained:
The use of Florida courts to police activities even in the remotest parts of the globe is not a purpose for which our judiciary was created. Florida courts exist to judge matters with significant impact upon Florida’s interests, especially in light of the fact that the taxpayers of this state pay for the operation of its judiciary. Nothing in our Constitution compels the taxpayers to spend their money even for the rankest forum shopping by out-of-state interests.
Id. at 92.
I am assuming that plaintiffs medical treatment in this case was not obtained for purposes of forum shopping because he was transported here immediately following the accident, and people with serious injuries or illness in the islands routinely come to Florida because of the greater availability of medical treatment. It is my view that, where a plaintiff is injured outside of the United States, but receives substantial medical treatment in Florida for reasons which do not include forum shopping, the courts should be skeptical of motions to dismiss based on forum non conveniens.
The trial court may have assumed that, because the accident occurred in the Bahamas, the case should be tried there. The damages aspect of a personal injury case can, however, be more significant than the liability issue. In addition, the medical witnesses on damages will always be located where the medical treatment occurred, while the witnesses on liability are not necessarily located at the place of the accident.
The Kinney decision, as noted above, was prompted by cases in which Florida has no interest. Where Florida healthcare providers render substantial medical care, however, Florida does have an interest in seeing that they are paid because otherwise the citizens of Florida may bear that cost. If payment is only going to come from a recovery in a personal injury lawsuit, which is often the case, the chances of that occurring are far greater if the case is litigated in Florida rather than in another country.
A similar situation was presented in Woods v. Nova Cos. Belize, Ltd., 739 So.2d 617 (Fla. 4th DCA 1999), in which the plaintiff was injured in an aircraft accident *1218 in Costa Rica. In reversing an order dismissing for forum non conveniens, we pointed out that the plaintiffs choice of Florida as a forum was clearly a reasonable choice because plaintiff had received extensive medical treatment in Florida.[2] Woods would appear to control this case.

. Although our opinion in Woods does not reflect it, the record showed that after receiving seven months of medical treatment in the hospital at the University of Alabama, plaintiff was treated for months at the nationally known bum center at Jackson Memorial Hospital in Miami. There was a dissent in Woods based on Resorts International v. Spinola, 705 So.2d 629 (Fla. 3d DCA 1998). Spinola also involved an accident in the Bahamas and medical treatment in Miami. The medical treatment, however, consisted only of an operation in which the plaintiff was hospitalized for two or three weeks. Prior to that the plaintiff had received medical treatment in the Bahamas, and afterward plaintiff received additional medical treatment where she resided in Portugal. In Spinola the third district held that the Bahamas was a more convenient forum and that the trial court should have dismissed.