899 So.2d 408 (2005)
KAWASAKI MOTORS CORP., Appellant,
v.
Amy Eagan FOSTER, etc., Appellee.
No. 3D04-497.
District Court of Appeal of Florida, Third District.
March 30, 2005.
*409 Roth, Powell, Pearson & Hosley, P.A., and Larry M. Roth and Frank D. Hosley (Winter Park), for appellant.
*410 Sweetapple, Broeker, Varkas & Feltman, P.L., and Paul B. Feltman (Miami), for appellee.
Before LEVY, C.J., and WELLS and SHEPHERD, JJ.
LEVY, Chief Judge.
Kawasaki Motors Corporation ("Kawasaki") appeals from a trial court Order, denying its Motions to Dismiss for Forum Non Conveniens and to Sever. We conclude that the motions should have been granted.
The appellee, Amy Foster, is the widow and personal representative of the estate of the decedent, David R. Foster. The Fosters are Illinois residents who booked a vacation package through an Illinois travel agency, Alexander Travel, for a Sandals Jamaica ("Sandals") vacation at the Beaches Negril Resort. Alexander Travel in turn booked the Foster's vacation through another company, Unique Vacations, Inc. Unique Vacations acts as Sandals' worldwide booking agent, and is located in Miami-Dade County. The tickets were issued to the Fosters in Illinois.
The Foster family flew directly from Illinois to Jamaica. During the family's stay at the Beaches Negril Resort, Mr. Foster and his stepson, Nicholas Eagan, each rented Kawasaki watercraft from Tanka Water Sports of Jamaica. While riding the watercraft in Negril Bay, Nicholas collided with Mr. Foster, and Mr. Foster died as a result of internal injuries. The fatal accident was investigated by Jamaican law enforcement officials and the Jamaican Maritime Authority. Additionally, a Jamaican medical examiner performed the first autopsy on Mr. Foster in Jamaica. Mr. Foster's body was subsequently flown back to Illinois from Jamaica for a second autopsy, which was performed by an Illinois physician, who also happens to reside in Ft. Myers, Florida on a part-time basis.
Ms. Foster filed a wrongful death suit in Miami-Dade County against, among other parties, Unique Vacations, Alexander Travel, Sandals Resorts, Beaches Management, and the appellant, Kawasaki Motors Corporation. Whereas the claims brought against Kawasaki were based on product liability theories, the claims against the other defendants were grounded upon general negligence theories.
Kawasaki timely filed a Motion to Dismiss for Forum Non Conveniens, seeking to transfer the action to either Jamaica or to Illinois. Kawasaki also filed a Motion to Sever. The trial court denied Kawasaki's motions on the ground that Kawasaki failed to establish that the relative disadvantages or prejudices against its private interests were of sufficient weight to overcome the presumption in favor of plaintiff's choice of forum. We reverse the Order because the trial court's findings are not supported by the Record. Moreover, we find that the parties' private interests are in fact tipped in favor of an alternate forum.
In Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996), the Florida Supreme Court adopted the federal test for forum non conveniens determinations, and held that a trial courts ruling, granting or denying a motion to dismiss on forum non conveniens grounds, must be reviewed under an abuse of discretion standard. Kinney, 674 So.2d at 93-94. Nevertheless, review of the Kinney standard has evolved into an abuse of discretion/de novo standard, depending on the extent of the trial judges analysis and whether the appellate record is sufficient to allow the reviewing court to reach its own conclusions. Aerolineas Argentinas, S.A. v. Gimenez, 807 So.2d 111, 115 (Fla. 3d DCA 2002) (Sorondo, specially concurring) *411 (citing Bacardi v. Lindzon, 728 So.2d 309 (Fla. 3d DCA 1999), app'd, 845 So.2d 33 (Fla.2002)); Sun & Sea Estates v. Kelly, 707 So.2d 863 (Fla. 3d DCA 1998).
The federal doctrine of forum non conveniens has been codified in Florida Rule of Civil Procedure 1.061(a) which provides:
Grounds for Dismissal. An action may be dismissed on the ground that a satisfactory remedy may be more conveniently sought in a jurisdiction other than Florida when: (1) the trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties; (2) the trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs initial forum choice; (3) if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and (4) the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.
Fla. R. Civ. P. 1.061(a).
Applying each factor addressed in Kinney, and codified in Rule 1.061, we find that the appellate record is sufficient for this Court to conclude that an adequate alternative forum exists. First, an adequate alternative forum exists which possesses jurisdiction over the case against Kawasaki, while providing adequate access to evidence and relevant sites. See Aerolineas Argentinas, 807 So.2d at 111; Tananta v. Cruise Ships Catering & Serv., 30 Fla. L. Weekly D18, D20, ___ So.2d ___, ___ - ___, 2004 WL 2955023, at *5-*7 (Fla. 3d DCA Dec. 22, 2004). In the instant case, the Record establishes that the matter could be brought in either Jamaica or Illinois, where both have jurisdiction over the matter. Moreover, the Record reflects that Kawasaki agreed to subject itself to the jurisdiction of Jamaica or Illinois, waiving any statute of limitation defense it may have in Jamaica or Illinois. For these reasons, we find that Jamaica or Illinois are adequate alternate forums.
Secondly, we find that the private interests of the parties favor an alternate forum. The Kinney court recognized several practical concerns with respect to the parties private interests: adequate access to evidence and relevant sites, adequate access to witnesses, adequate enforcement of judgments, and the practicalities and expenses associated with the litigation. Kinney, 674 So.2d at 91; see also Tananta, 30 Fla. L. Weekly at D21, ___ So.2d at ___ - ___, 2004 WL 2955023, at *7-*10. In the instant case, most of the evidence against Kawasaki is situated in Jamaica or Illinois. Specifically, the watercrafts were rented from a Jamaican company, whose owner is in Jamaica, and the accident occurred in Jamaica. Alternatively, Nicholas, who was driving the watercraft, and is a likely witness to the entire incident, resides in Illinois. Moreover, Kawasaki has practically no connection to Florida in regard to this matter. In fact, any alleged connection between Kawasaki and Florida is a less than de minimis connection. Although there is, perhaps, a tenuous connection between the Fosters and one Miami-Dade based defendant, Unique, the Fosters never had any direct contact with Unique. More importantly, Unique has no connection to Kawasaki. See Tananta, 30 Fla. L. Weekly at D21, ___ So.2d at ___ - ___, 2004 WL 2955023, at *7-*10; Calvo v. Sol Melia, S.A., 761 So.2d 461 (Fla. 3d DCA 2000). In sum, none of the parties, witnesses, or evidence with respect to the claim against Kawasaki has any connection to Miami-Dade.
*412 We also find that there are potential third party defendants over whom Florida lacks jurisdiction, but who may be liable for some or all of the damages claimed. It would be unfairly prejudicial to Kawasaki to permit the Fosters to maintain suit in Florida, where some claims cannot be made against third parties and where there is the possibility of conflicting results or limitations on recovery. See Calvo, 761 So.2d at 463.
With respect to plaintiffs private interests, Ms. Foster failed to establish what evidence, if any, could be found in Miami-Dade, defeating the presumption of supporting a plaintiffs choice of forum. Thus, the balance of private interests tips heavily in favor of an alternate forum, namely, in Jamaica or Illinois. See Tananta, 30 Fla. L. Weekly at D21, ___ So.2d at ___-___, 2004 WL 2955023, at *7-*10; Pearl Cruises v. Cohon, 728 So.2d 1226, 1227 (Fla. 3d DCA 1999). Accordingly, the private interests favor litigation in the alternate forums, and practicalities in the alternate forums are evident. Tananta, 30 Fla. L. Weekly at D21, ___ So.2d at ___-___, 2004 WL 2955023, at *7-*10.
The third factor under Kinney requires consideration of the public interest if the private factors are in "equipoise." In the instant case, the private factors overwhelmingly favor the alternate forums. Nevertheless, the public interest will be served by transferring jurisdiction to either Illinois, which has a greater interest in protecting its vacationing residents, or Jamaica, which has a significant interest in punishing a wrongdoer within its jurisdiction, and ensuring the safety of those who visit its resorts. See Calvo, 761 So.2d at 464; Tananta, 30 Fla. L. Weekly at D21, ___ So.2d at ___-___, 2004 WL 2955023, at *7-*10.
With respect to the final factor, ensuring that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice, as previously noted, Kawasaki submitted its written stipulation into the Record in this matter, waiving any jurisdictional defenses. Mursia Inv. Corp. v. Indus. Cartonera Dominicana, 847 So.2d 1064, 1067 (Fla. 3d DCA 2003). Thus, there is no danger that Ms. Foster may not be able to reinstate the suit in the alternative forums without undue inconvenience or prejudice. See Tananta, 30 Fla. L. Weekly at D21-22, ___ So.2d at ___, 2004 WL 2955023, at *7-*12.
Accordingly, after conducting a thorough Kinney analysis, we find that the trial court erred when it failed to grant Kawasaki's motion to dismiss and motion for severance. The trial court's Order is reversed, and the matter is remanded with instructions to the trial court to enter an Order dismissing Kawasaki without prejudice to the plaintiff to refile the claims against Kawasaki in an appropriate alternate forum.
Reversed and remanded.