# Third District Court of Appeal

## State of Florida

Opinion filed July 14, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1673
Lower Tribunal No. 18-41876
_____

**Cordis Corporation,**
Appellant,

vs.

**Ashley K. McCall, as Personal Representative of the Estate of
Mark McCall,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Crowell & Moring LLP, and Vincent J. Galluzzo (Washington, D.C.); and Wallen Kelley, and John D. Golden, for appellant.

Searcy Denney Scarola Barnhart & Shipley, P.A., and Joseph R. Johnson (West Palm Beach), for appellee.

Before HENDON, MILLER, and BOKOR, JJ.

PER CURIAM.

Cordis Corporation ("Cordis") appeals from a non-final order denying its motion to dismiss on the ground of *forum non-conveniens*. We affirm.

The plaintiff, Ashley K. McCall, is the substituted plaintiff and the personal representative of the deceased, Mark McCall, who originally filed this case. The plaintiff is a citizen and resident of the state of Arizona.[1] The plaintiff brought a product liability suit against Cordis, alleging that defects in the Cordis TrapEase Permanent Inferior Vena Cava Filter ("Cordis IVC Filter") caused Mark McCall's injuries and death. Cordis is a Florida corporation and maintains an office in Miami Lakes, Florida. Cordis's Miami Lakes office is the central location for handling product complaints, quality control, risk management, training, and regulatory compliance involving the Cordis IVC Filter.

Following a hearing, the trial court denied Cordis's motion to dismiss on the ground of *forum non conveniens*. Based on our review of the record, including the trial court's order addressing each of the *forum non conveniens* factors,[2] we conclude that the trial court did not abuse its

---

[1] At the time of the Cordis IVC Filter implantation, Mark McCall was a citizen and resident of the state of Arizona. At other relevant times, Mark McCall was a citizen and resident of the state of Missouri.

[2] The analysis for *forum non conveniens* is well established in Florida law. See Cortez v. Palace Resorts, 123 So. 3d 1085 (Fla. 2013); Kinney Sys., Inc. v. Cont'l Ins. Co., 674 So. 2d 86 (Fla. 1996); Abeid-Saba v. Carnival

discretion in denying the motion. As such, we affirm the order under review.

Aerolineas Argentinas, S.A. v. Gimenez, 807 So. 2d 111, 113 (Fla. 3d DCA 2002) (stating that decision to grant or deny a *forum non conveniens* motion for dismissal rests in the sound discretion of the trial court).

    Affirmed.

---

Corp., 184 So. 3d 593, 599 (Fla. 3d DCA 2016); Telemundo Network Grp., LLC v. Azteca Int'l Corp., 957 So. 2d 705, 709 (Fla. 3d DCA 2007); Fla. R. Civ. P. 1.061(a).