980 So.2d 1149 (2008)
TRW VEHICLE SAFETY SYSTEMS INC., TRW Automotive U.S. LLC, and TRW Canada Limited, Appellants,
v.
Carlos Dario SANTISO, individually and as Personal Representative of the Estate of Maria Cecilia Rocca and the Estate of Dario Andres Santiso; and as legal representative of the minors Maria Agustina Santiso and Maria Emilia Santiso, Appellees.
No. 4D07-1795.
District Court of Appeal of Florida, Fourth District.
April 2, 2008.
Rehearing Denied May 27, 2008.
Guy E. Motzer of Squire, Sanders & Dempsey, L.L.P., West Palm Beach, for appellants.
*1150 Philip M. Burlington of Burlington & Rockenbach, P.A., West Palm Beach, and John J. Uustal of Kelley Uustal, PLC, Fort Lauderdale, for appellees.
HAZOURI, J.
Appellants, TRW Canada Limited, TRW Automotive U.S. LLC (TRW LLC), and TRW Vehicle Safety Systems, Inc. (TRW VSSI), appeal from a non-final order denying their motion to dismiss the complaint of appellees, Carlos Dario Santiso, individually and as Personal Representative of the Estate of Maria Cecilia Rocca and the Estate of Dario Andres Santiso, and as legal representative of the minors Maria Agustina Santiso and Maria Emilia Santiso. We reverse.
Appellees filed their complaint in Broward County naming as defendants, Ford Motor Company, Bridgestone/Firestone North American Tire LLC, Inc., Bridgestone Corporation, and the appellants. The claims arise out of a rollover accident involving a 1998 Ford Explorer which occurred in Cordoba County, Argentina, on January 15, 2005, and resulted in the deaths of two people and physical injuries to three others.
Appellees alleged that each of the appellants "manufactured, assembled, sold, distributed, marketed, promoted and placed within the stream of commerce and market place" seat belts in the Explorer and that such seat belts were defective and unreasonably dangerous or negligently and carelessly designed, manufactured, and assembled, thereby causing appellees' injuries and deaths.
The appellants filed a motion to dismiss for lack of personal jurisdiction. They argued that Florida does not have general jurisdiction because the appellants' contacts are not continuous and systematic and the exercise of jurisdiction over them would be unfair and unreasonable. With the motion, the appellants submitted the Affidavit of James F. Mulhern, who was the Assistant Secretary of TRW VSSI and TRW LLC.
Mulhern averred that in February 2003, the automotive assets and liabilities of the former TRW Inc. were assigned to TRW LLC. TRW LLC is a Delaware limited liability company with its principal place of business located in Michigan. TRW VSSI is a Delaware corporation with its principal place of business located in Michigan. TRW Canada is a Canadian corporation located in Ontario, Canada. The three are separate corporate entities which conduct independent operations. TRW LLC did not design seat belts for the 1998 Explorer. TRW VSSI designs, manufactures, and assembles seat belt systems and airbags for automobiles. TRW Canada designs steering components, not seat belts. None of them design, manufacture, or assemble seat belt systems or component parts in Florida. Material documentary evidence and witnesses regarding design, manufacture, and assembly of the seat belt used by Ford in the 1998 Explorer are not located in Florida. The three have no offices, places of business, real estate, or facilities in Florida as well as no officers, employees, or sales agents. They are not registered to do business in Florida. Finally,
11. Except for minor instances that amount to a de minimis portion of their business, TRW LLC, TRW VSSI, and TRW Canada do not conduct, engage in, carry on, operate, or transact any business in Florida.
12. Except for minor instances that amount to a de minimis portion of their business, TRW LLC, TRW VSSI, and TRW Canada do not sell, supply, or distribute any product or good[s] into Florida.
*1151 Appellees conducted jurisdictional discovery, including depositions of two corporate representatives of the appellants, Manley Ford and James Mulhern. They also deposed Martin Brinkman, a corporate representative of Kelsey-Hayes Company (Kelsey-Hayes), a non-party corporate affiliate of the appellants.
Manley Ford, director of communications for the TRW group of affiliated automotive companies, testified at his deposition that he is responsible for the TRW group's advertising, public relations, employee communications, government relations, community relations and special events; "TRW" is a brand name of automotive parts manufactured and sold by various entities comprising the TRW group of affiliated companies; "TRW Automotive" is a brand name and the collective name associated with the TRW group of affiliated companies, not any particular entity in the group; TRW LLC's and TRW VSSI's products are advertised in automotive trade journals targeted at the automobile original equipment manufacturers, which are principally located in Detroit, Michigan, and in Japan; and Florida is not the target of any advertising by TRW LLC or TRW VSSI. His paycheck and those for his staff are drawn on a bank account in the name of Kelsey-Hayes, which is part of the TRW group of companies. Kelsey-Hayes leased a test track located in Green Cove Springs, Florida, for the purpose of testing brakes and to train drivers to drive the test vehicles.
James Mulhern testified at his deposition that TRW Canada had no sales of any products shipped to Florida addresses during the calendar years 2003 through 2005; in 2003, 2004 and 2005, TRW LLC had total sales of products shipped to Florida addresses of $78,973, $181,607 and $0, respectively; and TRW LLC's total sales for each of those years of $1,435,203,313, $1,425,239,234, and $1,571,836,359, respectively. In 2003, 2004 and 2005, TRW VSSI had total sales of products shipped to Florida addresses of $2,935,730, $1,128,476, and $32,735, respectively and TRW VSSI's total sales for each of those years of $1,014,118,083, $992,245,352, and $906,841,042, respectively. He further testified that the sales of products shipped to Florida addresses during the years 2003 through 2005 were for service products or service parts ordered by automobile dealers located in Florida. The decline in the amount of sales of products shipped to Florida addresses in 2005 occurred because the original equipment manufacturer now requires orders for such service parts be placed through its distribution facility located outside Florida. Mulhern's paycheck is drawn on a bank account in the name of Kelsey-Hayes.
Martin Brinkman, an engineer with Kelsey-Hayes, who works in Livonia, Michigan, testified at his deposition that Kelsey-Hayes supplies automobile braking systems under the brand name "TRW"; the sign for the building where he works contains the "TRW" logo; Kelsey-Hayes previously leased a test track located in Green Cove Springs, Florida; Kelsey-Hayes leased the Florida test track to test its automobile brakes until the spring or summer of 2006; he is a member of the Kelsey-Hayes brake group in Michigan; the Kelsey-Hayes brake group in Michigan directed the operation of the Florida test track during the time it was under lease to Kelsey-Hayes; Kelsey-Hayes tested its braking systems at the Florida test track every business day and he has visited the facility on a number of occasions as part of his work for Kelsey-Hayes; Kelsey-Hayes is a wholly-owned subsidiary of Lucas Varity Automotive Holding Company, which is a wholly-owned subsidiary of "TRW Automotive Inc."; his paycheck is drawn on a bank *1152 account in the name of Kelsey-Hayes; his compensation package may include awards of "TRW" stock; his security badge displays the "TRW" logo and does not say Kelsey-Hayes; his business card displays the "TRW Automotive" name, not Kelsey-Hayes; his health insurance and 401(k) papers display the "TRW" logo; and the president and chief executive officer of "TRW Automotive" is an officer of Kelsey-Hayes.
The appellees served their response to the motion to dismiss, together with various materials. Appellees pointed to the following additional information from those materials in their response: on May 11, 2006, an employee at the Kelsey-Hayes Florida test track answered the telephone "TRW" and said that she was employed by "TRW"; a page on the "trw.com" website declared that "TRW Automotive" employs approximately 63,100 persons worldwide; and the Form 10-K filed with the Securities and Exchange Commission by registrant "TRW Automotive Inc." for the year ending December 31, 2003, declares that "[w]e conduct substantially all of our operations through our subsidiaries."
The trial court denied the motion to dismiss, finding that Kelsey-Hayes was the agent of TRW Canada, TRW LLC and TRW VSSI for jurisdictional purposes. It imputed Kelsey-Hayes's past Florida business contacts to each of the appellants and also found that such contacts constituted a sufficient basis to assert general jurisdiction over each of the appellants. Additionally, the court found that sales of products shipped to Florida addresses by TRW VSSI and TRW LLC, which amounted to, at most, 0.3% and 0.013% of total annual sales, respectively, provided a sufficient basis to assert general jurisdiction over the appellants.
The statute under which appellees argue the circuit court has jurisdiction is section 48.193(2), Florida Statutes (2005), which provides for general jurisdiction as follows:
(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.
The appellants first argue that the trial court erred in finding that Kelsey-Hayes was an agent of each of them, a finding which permits the court to exercise general jurisdiction over them. We agree.
In Gadea v. Star Cruises, Ltd., 949 So.2d 1143 (Fla. 3d DCA 2007), which was an appeal of the dismissal of a complaint based upon lack of general jurisdiction, it was necessary to determine whether the "parent corporation [Star Cruises, Ltd.] exert[ed] such extensive operational control over a subsidiary [NCL] that the subsidiary [wa]s no more than an agent existing to serve only the parent's needs, [to find] that jurisdiction over the parent exists." Id. at 1146. In Gadea, the plaintiff cited the following contacts with Florida as evidence that Star engaged in substantial and not isolated activity in the state:
1) Star's acquisition of NCL, an entity doing substantial business in Florida;
2) Star's installation of NCL's top management upon acquiring NCL;
3) Star's press releases and other public announcements representing NCL as an extension of Star and a critical component of Star's global cruise line strategy;
4) Star's use of NCL's Miami headquarters as a booking agent for Star cruises; and
5) Star's advertisement of its cruises in NCL's brochures and its listing of NCL's reservation number as a contact number for booking Star Cruises.
*1153 Id. at 1145-46. The Third District found that these contacts, taken individually or as a whole, did not constitute substantial activity within the state on Star's part to satisfy section 48.193(2) requirements.
It is well settled in Florida law that the mere presence of a subsidiary in Florida, without more, does not subject a non-Florida corporate parent to long-arm jurisdiction. However, when a parent exercises sufficient control over a subsidiary, that control establishes an agency and supports jurisdiction. The amount of control exercised by the parent must be high and very significant.
See Enic, PLC v. F.F.S. & Co., 870 So.2d 888, 891 (Fla. 5th DCA 2004) (citations omitted).
In the instant case appellees failed to show that Kelsey-Hayes acted on behalf of the appellants and functioned only as an agent to achieve the purposes of the parent corporation. There was insufficient proof that any of the appellants controlled the day-to-day operations of Kelsey-Hayes.
The trial court also found that there was jurisdiction over TRW LLC and TRW VSSI because of their continuous and systematic business contacts with the State of Florida through the sales of their products during 2003, 2004 and 2005. With respect to the actual sales made, the appellants argue that they were de minimis and fortuitous and therefore did not constitutionally confer general jurisdiction over TRW LLC and TRW VSSI. We agree.
The actual sales were a small percentage of the total sales and therefore these sales were de minimis. Based on the sales figures previously stated, the total sales of products shipped by TRW LLC to Florida addresses, amounted to less than 0.006%, 0.013% and 0.0% of TRW LLC's total sales for 2003, 2004 and 2005, respectively. Further, the total sales of products shipped by TRW VSSI to Florida addresses, amounted to 0.289%, 0.114% and 0.004% of TRW VSSI's total sales for 2003, 2004 and 2005, respectively.
The trial court erred in finding that Kelsey-Hayes acted as an agent of the appellants and that there were sufficient continuous and systematic business contacts with the State of Florida through the sales of the appellants' products during the years 2003, 2004 and 2005. We therefore reverse and remand and direct the trial court to grant the appellants' motion to dismiss.
Reversed and Remanded with Directions.
KLEIN and DAMOORGIAN, JJ., concur.