ROTHENBERG, J.
 

 The defendant, Vos B.V. (“Vos”), a corporation from the Netherlands, appeals from a non-final order denying its motion to dismiss the plaintiffs’ complaint due to a lack of personal jurisdiction. We reverse because Vos’ general business contacts with Florida were insufficient to support the plaintiffs’ assertion of personal jurisdiction over Vos.
 

 BACKGROUND
 

 The facts and circumstances underlying this case can only be described as heartbreaking. From 1995 through 1997, a tainted batch of children’s fever medicine was distributed in Haiti causing the deaths of more than seventy children, and the serious illness of a number of other children. Public health officials traced the deaths and illnesses to a shipment of glycerin that was manufactured in China, purchased through a German company, and eventually sent to Haiti by Vos. The plaintiffs are either the personal representatives of the estates of the deceased children, or the parents of the survivors.
 

 The complaint alleges that in 1994, Vos purchased seventy-two drums of glycerin from China, tested samples, found them to be impure and tainted with diethelyne glycol,
 
 [1]
 
 but nevertheless, proceeded to sell the glycerin to one of its customers in Haiti after affixing false labels to the drums. The tainted glycerin was incorporated into a children’s fever medicine, and the injuries and deaths followed.
 

 Vos responded to the complaint with its motion to dismiss due to the lack of personal jurisdiction. After extensive jurisdictional discovery, the trial court denied the motion, finding that Vos had the requisite continuous and systematic business contacts based upon its dealings with A & V Industries, Inc., Quem Commercial, Inc., and SunBank International Branch Division of Miami (“SunBank”).
 

 As to A & V, a Florida corporation, and Quem, a British Virgin Islands corporation with an office in Miami, from 1994 to 1997, Vos entered into transactions with these companies totaling approximately $500,000, and involving approximately 1
 
 *736
 
 million pounds of chemicals, though no chemicals were shipped into Florida, or passed through any Florida ports. It is undisputed that Vos’ sales to A & V and Quem amounted to only 0.236% of Vos’ total sales from 1994 through 1997. Also, from time to time, Vos would call, fax, and write to the companies in Florida in an attempt to keep up its business relationships with A & V and Quem.
 

 As to SunBank, the evidence found by the trial court to be “most damaging” to Vos’ case was that Vos established a line of credit in Miami to facilitate its sales to A & V, using SunBank as a collection agent.
 

 Upon this evidence, the trial court concluded that Vos’ business contacts with Florida were sufficiently systematic and continuous to support the exercise of personal jurisdiction.
 

 ISSUE ON APPEAL
 

 As an initial matter, it is undisputed that the instant claim does not specifically relate to, or arise out of, Florida activity. The tainted glycerin did not touch or pass through a Florida port, involve an intermediate Florida business/broker, or injure a Florida resident. Thus, the sole issue on appeal is whether the courts of Florida may properly exercise general personal jurisdiction over Vos by way of its regular business contacts with Florida, unrelated to the present claim.
 
 See
 
 § 48.193(2), Fla. Stat. (1997) (“A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state whether or not the claim arises from that activity.”). The applicable standard of review is de novo.
 
 Labbee v. Harrington,
 
 913 So.2d 679, 681 (Fla. 3d DCA 2005).
 

 ANALYSIS
 

 “An assertion of general jurisdiction under [section 48.193(2) ] requires a ‘showing of continuous and systematic general business contacts’ with this state.”
 
 Gadea v. Star Cruises, Ltd.,
 
 949 So.2d 1143, 1145 (Fla. 3d DCA 2007) (quoting
 
 Carib-USA Ship Lines Bahamas, Ltd. v. Dorsett,
 
 935 So.2d 1272, 1275 (Fla. 4th DCA 2006)).
 
 See also Helicopteros Nacionales de Colombia, S.A. v. Hall,
 
 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); Philip J. Padovano,
 
 Florida Civil Practice
 
 § 8.7 (2007 ed.). The requisite threshold of “continuous and systematic” contacts is significantly more demanding than the showing necessary to establish specific jurisdiction because section 48.193(2) does not require any connection between a plaintiffs claim and the defendant’s Florida activities.
 
 Trs. of Columbia Univ. v. Ocean World,
 
 S.A., 12 So.3d 788 (Fla. 4th DCA 2009); Juan Ramirez, Jr.,
 
 Florida Civil Procedure
 
 § 5.1(e) (3d ed. 2007) (providing that “[t]he requirement of continuous and systematic business contacts establishes a much higher threshold” than the contacts required for an assertion of specific jurisdiction). Furthermore, to establish general personal jurisdiction, a plaintiff must show that the defendant’s conduct in connection with Florida is “such that he [or she] should reasonably anticipate being haled into court [ ]here.”
 
 World-Wide Volkswagen Corp. v. Woodson,
 
 444 U.S. 286, 287, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
 

 With these principles in mind, it is clear that the instant plaintiffs face a difficult task. The plaintiffs cannot deny that many of the undisputed facts in this case weigh against the trial court’s finding that Vos’ Florida contacts were systematic and continuous. During the relevant time period: (1) Vos had no offices or employees in Florida; (2) Vos did not own any assets or real estate in Florida; (3) Vos did not
 
 *737
 
 distribute any chemicals into or through Florida; (4) Vos did not advertise in Florida; and (5) Vos never sent representatives to Florida. Thus, the plaintiffs’ case depends on characterizing Vos’ contacts with A & V, Quem, and SunBank as so pervasive that this Dutch corporation should reasonably anticipate being sued in Florida on an unrelated matter.
 

 At oral argument, counsel for Vos properly admitted that the weak link in its position — that Florida may not appropriately exercise personal jurisdiction over Vos — is that it did have business contact with A & V and Quem in Florida. However, Vos argues that because those contacts were insignificant, and only tangentially involved Florida’s interests, the trial court reversibly erred by relying on those contacts to support its general jurisdiction determination. We agree.
 

 A foreign defendant’s de minimis contacts with Florida cannot form the basis of an assertion of personal jurisdiction in Florida, where the plaintiffs claim arises out of an unrelated foreign incident. In
 
 TRW Vehicle Safety Systems, Inc. v. Santiso,
 
 980 So.2d 1149, 1150 (Fla. 4th DCA 2008), the plaintiffs’ claims arose out of a rollover accident in Argentina. The
 
 TRW
 
 plaintiffs asserted, and the trial court agreed, that Florida could exercise jurisdiction over the defendants (two foreign manufacturers/distributors of seat-belts) due to the fact that the defendants directly shipped products into this state.
 
 Id.
 
 at 1152. The Fourth District reversed, holding that because the defendants’ Florida shipments amounted to a fraction of one percent of the defendants’ total annual sales, Florida could not constitutionally exercise personal jurisdiction over the defendants based upon these contacts.
 
 Id.
 
 at 1153.
 

 Therefore, like the
 
 TRW
 
 court, we hold that because Vos’ Florida “sales” during the relevant time period amounted to just 0.236% of its total annual sales, they are de minimis and are insufficient to support an exercise Florida’s jurisdiction. In the instant case, A & V and Quem acted as brokers for Vos’ sale of chemicals to buyers in South America and the Caribbean. Vos did not ship a single ounce of chemicals into Florida, or through any of Florida’s ports. In
 
 TRW,
 
 strikingly similar percentages were involved; however, in that case, the defendants shipped actual goods to addresses in this state. Therefore, the connection between Vos and Florida is even more attenuated than the connection at issue in
 
 TRW,
 
 which lends further support to this Court’s conclusion.
 

 Finally, we address the evidence found by the trial court to be “most damaging” to Vos’ case — Vos’ alleged use of Florida’s banking system to facilitate its sales to A & V. Our review of the evidence on this issue reveals that in the transactions involving A & V, CommerzBank Nederland sent shipping documents to SunBank, Sun-Bank notified A & V of the documents’ arrival, A & V signed the trade acceptance forms and submitted payment to SunBank. SunBank then transferred the funds and paperwork to CommerzBank. Vos’ involvement in the process was virtually non-existent, and SunBank merely operated to facilitate the international transfer of money under a letter of credit. Such contacts are clearly insufficient to establish personal jurisdiction over Vos.
 
 See Banco Continental, S.A. v. Transcom Bank (Barbados) Ltd.,
 
 922 So.2d 395, 400 (Fla. 3d DCA 2006) (holding that a correspondent relationship with a Florida bank, where the bank merely facilitates the international transfer of monies under a letter of credit is insufficient to meet the minimum ' contacts requirement);
 
 La. Reunion Franqaise, S.A. v. La Costeña,
 
 818 So.2d 657, 659 (Fla. 3d DCA 2002) (holding that the
 
 *738
 
 maintenance of a Florida bank account, even if used to collect premiums, is too tenuous a contact to support an assertion of general jurisdiction over a foreign insurer).
 

 CONCLUSION
 

 Because the plaintiffs’ action for damages arising out of the deaths and injuries to Haitian children bore no connection to this state, the plaintiffs were forced to contend that Vos’ general business contacts with Florida were continuous and systematic. However, whether considered individually, or collectively, those contacts do not support the plaintiffs’ assertion of Florida’s general jurisdiction. Vos’ transactions with A & V and Quern constituted a de minimis amount of its total annual sales, with those businesses acting merely as brokers, and no products reaching Florida’s shores or residents. The correspondent banking relationship that Vos employed (through CommerzBank) with SunBank, incident to its dealings with A & V, also fails to reach the requisite level of minimum contacts.
 

 Accordingly, the trial court erred in finding that Vos could be constitutionally subjected to a lawsuit in Florida based upon its alleged activities related to the deaths and injuries of the Haitian children. The non-final order denying Vos’ motion to dismiss for lack of personal jurisdiction is reversed.
 

 Reversed.
 

 [1]
 

 . Diethelyne glycol is an industrial chemical normally incorporated into antifreeze and lacquer.