LAGOA, J.
 

 Patricia Haughey (“Haughey”) appeals from the trial court’s December 1, 2009,
 
 *698
 
 and March 11, 2010 orders denying Hau-ghey’s
 
 ore tenus
 
 motion to amend the amended complaint.
 
 [1]
 
 For the following reasons, we affirm.
 

 In 2007, Island Sea-Faris appealed the denial of its Motion to Dismiss the Amended Complaint for lack of personal jurisdiction. In
 
 Island Sea-Faris Ltd. v. Haughey,
 
 13 So.3d 1076 (Fla. 3d DCA 2008), this Court reversed the trial court’s order as there was neither a statutory basis for exercising jurisdiction over Island Sea-Faris nor were there sufficient contacts between Island Sea-Faris and the State of Florida to satisfy due process. Specifically, this Court held:
 

 We conclude that Haughey failed to meet both prongs of
 
 Venetian Salami
 
 in that there was no statutory basis for exercising personal jurisdiction over Island Sea-Faris in connection with the subject accident and, even if there was, given the lack of contacts, it would violate due process to exercise such jurisdiction. We therefore reverse and remand -with directions to dismiss the action against Island Sea-Faris.
 

 Id.
 
 at 1079. The Court issued its Mandate on September 8, 2009.
 

 On November 16, 2009, Island Sea-Far-is, consistent with this Court’s mandate, filed a motion with the trial court to dismiss the action. At the hearing on that motion, and despite this Court’s prior opinion that jurisdiction could not be exercised over Island Sea-Faris, Haughey moved
 
 ore tenus
 
 for leave to amend her complaint against Island Sea-Faris. The trial court denied that
 
 ore tenus
 
 motion, and entered an order holding: “Island Sea-Faris Ltd. is dismissed from this action with prejudice, in accordance with the mandate of the Third District Court of Appeal. Island Sea-Faris shall go hence without day.”
 

 On December 11, 2009, Haughey filed a motion for rehearing. On March 11, 2010, the trial court issued the following order:
 

 1. The Motion for Rehearing is GRANTED with regards to the dismissal of ISLAND SEA-FARIS LTD. with prejudice.
 

 2. ISLAND SEA-FARIS LTD. is dismissed from this action without prejudice to Plaintiff filing an action against it in a jurisdiction other than Florida. However, it is now law of the case and there is no general or specific jurisdiction over ISLAND SEA-FARIS LTD. in the State of Florida. Therefore, this court will not entertain any further efforts to amend the complaint in this case to include or add ISLAND SEA-FARIS LTD. as a defendant in this case.
 

 3. ISLAND SEA-FARIS LTD. shall go hence without day.
 

 4. Plaintiffs
 
 Ore Tenus
 
 Motion for Leave to Amend Her Complaint is DENIED.
 

 This appeal ensued. We affirm the trial court’s orders as the trial court properly recognized that it was not authorized to deviate from the terms of this Court’s mandate. “That is to say, a trial court lacks discretionary power to go beyond the scope of relief granted by the appellate court.... [0]nce the present case was decided on appeal, the circuit court was bound by the decree as the law of the case and was required to perform the purely ministerial act of implementing the mandate. As the trial court could not give any other relief other than to put into effect that which had been remanded, it was correct in declining to grant the relief sought by [Haughey].”
 
 Akins v. Akins,
 
 
 *699
 
 839 So.2d 910, 911 (Fla. 5th DCA 2003) (citation omitted). This Court’s prior opinion specifically reversed the trial court’s order denying Island Sea-Faris’s motion to dismiss and remanded “with directions to dismiss the action against Island Sea-Faris.” There were no directions to the trial court to allow Haughey leave to amend, nor would there have been as this Court’s prior opinion noted that it would violate due process to exercise jurisdiction over Island Sea-Faris.
 

 Affirmed.
 

 [1]
 

 . Because Haughey’s motion to amend the amended complaint was
 
 ore tenus,
 
 Haughey did not submit a proposed second amended complaint.