CORTINAS, J.
Plaintiff, Patricia Baker, was a passenger aboard the MV Mariner of the Seas, which was operated by Royal Caribbean Cruise Lines, Inc. (“RCCL”). As a passenger, she had purchased a ticket to participate in a mock pirate ship excursion tour in the Cayman Islands (“Excursion Tour”). The Excursion Tour was operated by E & H Cruises, Ltd. (“E & H”), a Cayman Islands corporation. While transferring to the mock pirate ship, the plaintiff was injured. The plaintiff sued RCCL and a subsidiary company as well as E & H under various theories of liability. In response to the third amended complaint, which forms the basis of this appeal, E & H moved to dismiss for lack of personal jurisdiction and forum non conveniens. The trial court denied the motion to dismiss, concluding that it had personal jurisdiction over E & H. We reverse.
We review the trial court’s denial of the motion to dismiss the third amended complaint de novo. See Ferguson v. Estate of Campana, 47 So.3d 838, 842 (Fla. 3d DCA 2010; Wendt v. Horowitz, 822 So.2d 1252 (Fla.2002). When determining whether personal jurisdiction exists over a non-resident defendant, the trial court conducts a two-step inquiry. Ferguson, 47 So.3d at 842. The trial court must first determine whether the plaintiff has alleged sufficient jurisdictional facts in the complaint such that the action is within the ambit of Florida’s long-arm statute, section 48.193, Florida Statutes. Id.; Wendt, 822 So.2d at 1257; Venetian Salami v. Parthenais, 554 So.2d 499, 502 (Fla.1989). When making this determination, the trial court “must strictly construe the statute in favor of the non-resident defendants.” Ferguson, 47 So.3d at 842 (citing Blumberg v. Steve Weiss & Co., 922 So.2d 361, 363 (Fla. 3d DCA 2006)). For the second step, the trial court must make a determination as to “whether ‘sufficient minimum contacts exist between Florida and the defendant to satisfy due process requirements.’ ” Ferguson, 47 So.3d at 842 (quoting Blumberg, 922 So.2d at 364); Venetian Salami, 554 So.2d at 502. In the third amended complaint, the plaintiff raises several bases for a finding of personal jurisdiction. We address each of them in turn.
The plaintiff argues that general jurisdiction exists pursuant to section 48.193(2), Florida Statutes, which specifically provides that:
A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.
§ 48.193(2), Fla. Stat. (2007) (emphasis added). Asserting general jurisdiction under section 48.193(2) requires a “showing of ‘continuous and systematic general business contacts’ ” with Florida. Gadea v. Star Cruises, Ltd., 949 So.2d 1143, 1145 (Fla. 3d DCA 2007) (quoting Carib-USA *294 Ship Lines Bahamas, Ltd. v. Dorsett, 935 So.2d 1272, 1275 (Fla. 4th DCA 2006)). As we have previously stated, “[t]he requisite threshold of ‘continuous and systematic’ contacts ... does not require any connection between a plaintiffs claim and the defendant’s Florida activities.” Vos, B.V. v. Payen, 15 So.3d 734, 736 (Fla. 3d DCA 2009) (citing Trs. of Columbia Univ. v. Ocean World, S.A., 12 So.3d 788 (Fla. 4th DCA 2009)).
In support of her argument in favor of general jurisdiction, the plaintiff asserts that E & H has maintained a membership in the Florida-Caribbean Cruise Association (“FCCA”) for several years, has traveled to Florida for annual FCCA networking events, and had also maintained connections to Royal Marine Insurance Group and Total Bank. Although E & H’s principal admitted to traveling to Miami on more than one occasion for the purpose of attending an annual FCCA charity dinner, he specified that he had “attended that ... more on [his] personal behalf.” He acknowledged that he joined the FCCA in order to “build a relationship with the cruise lines,” and further testified that in addition to the charity dinner in Miami, he has also “been to a few of the FCCA conventions that they hold on the different islands every year.” Mere attendance at fundraisers that happen to be held in Miami, particularly where it is acknowledged that related events are held “on the different islands every year” does not meet the statutorily required threshold of “continuous and systematic contacts” with Florida. See Vos, B.V., 15 So.3d 734; Gadea, 949 So.2d 1143.
Furthermore, the fact that E & H utilized a Florida broker to obtain an insurance policy, which covered only potential claims arising out of its activities outside of the United States, is insufficient to establish personal jurisdiction. See La Reunion Francaise, S.A. v. La Costeña, 818 So.2d 657, 659 (Fla. 3d DCA 2002) (finding that an insurance broker’s maintenance of a Florida bank account which may be used for the collection of premiums in Florida was “too tenuous to support an assertion of jurisdiction.”). Similarly, the broker’s use of Total Bank in Florida to establish an account for the insurance installment payments is not sufficient to establish jurisdiction. Id.
At no time did E & H maintain any offices or employees in Florida, own any assets or real estate in Florida, or directly sell any of its services in Florida. E & H did not advertise in Florida. Accordingly, we do not find the requisite “systematic and continuous” contact with Florida necessary for general jurisdiction under section 48.193(2).
The plaintiff also argues that specific jurisdiction exists under section 48.193(l)(a), Florida Statutes, which provides in pertinent part:
48.193 Acts subjecting person to jurisdiction of courts of state.—
(1) any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the •acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
§ 48.193(l)(a), Fla. Stat. (2007) (emphasis added).
Plaintiff argues that RCCL and E & H entered into a Tour Operator Agreement in relation to the pirate excur *295 sions and that E & H thereby was conducting business in Florida through an agency or joint venture relationship with RCCL. “A joint venture ‘is created when two or more persons combine their property or time or a combination thereof in conducting come particular line of trade or for some particular business deal.’ ” Jackson-Shaw Co. v. Jacksonville Aviation Auth., 8 So.3d 1076, 1089 (Fla.2008) (quoting Kislak v. Kreedian, 95 So.2d 510, 514-15 (Fla.1957)). A joint venture only exists under a contract specifically providing: “(1) a community of interest in the performance of the common purpose, (2) joint control or right of control, (3) a joint proprietary interest in the subject matter, (4) a right to share in the profits and (5) a duty to share in any losses which may be sustained.” Jackson-Shaw Co., 8 So.3d at 1089 (quoting Kislak, 95 So.2d at 514-15). It is well-established that “[t]he absence of one of the elements precludes a finding of a joint venture.” Jackson-Shaw Co., 8 So.3d at 1089 (citing USA Independence Mobilehome Sales, Inc. v. City of Lake City, 908 So.2d 1151, 1158 (Fla. 1st DCA 2005)). Here, there is nothing in the record to substantiate that there was “joint control or right of control” between RCCL and E & H. The Tour Operator Agreement specifies that E & H “acknowledges that the control and responsibility of the Shore Excursion remains exclusively with E & H.” RCCL has no control over, nor say in, how the Excursion Tours are operated the plaintiff can point to no evidence to the contrary. Because we find that this necessary element is lacking, there can be no joint venture between E & H and RCCL for purposes of determining personal jurisdiction under section 48.193(l)(a).
The plaintiffs argument that E & H had an agency relationship with RCCL is also meritless. In order to show an agency relationship, the plaintiff “must show the existence of three elements: 1) acknowledgment by the principal that the agent will act for it; 2) the agent’s acceptance of the undertaking; and 3) control by the principal over the action of the agent.’ ” Banco Continental, S.A. v. Transcom Bank (Barbados), Ltd., 922 So.2d 395, 400 (Fla. 3d DCA 2006) (quoting Enic, PLC v. F.F. South & Co., Inc., 870 So.2d 888, 891 (Fla. 5th DCA 2004)). Here, the Tour Operator Agreement clearly specifies that E & H is an independent contractor and, again, the plaintiff simply cannot show that RCCL had any control over E & H’s actions with respect to how the Excursion Tours were operated, or vice-versa.
Unable to demonstrate either a principal/agent or joint venture relationship between RCCL and E & H, the plaintiffs argument for personal jurisdiction under section 48.193(l)(a) fails. We further note that the mere fact that tickets to E & H’s Excursion Tours are available for purchase in Florida through RCCL is also insufficient to constitute “[ojperating, conducting, engaging in, or carrying on a business or business venture” as required by section 48.193(l)(a). See Island Sea-Faris v. Haughey, 13 So.3d 1076 (Fla. 3d DCA 2008).
The plaintiff also alleges that personal jurisdiction may be found pursuant to section 48.193(l)(d), which also provides that a foreign defendant submits himself or herself to the jurisdiction of this state for causes of action arising from
(d) Contracting to insure any person, property, or risk located within this state at the time of contracting.
§ 48.193(l)(d), Fla. Stat. (2007) (emphasis added). Although here, unlike Haughey, E & H had its insurance policy in place prior to the plaintiffs injury, as in Hau-ghey, it is undisputed that “the person, *296 property or risk was never located within this state, let alone at the time of contracting.” Haughey, 13 So.3d at 1079. The plaintiff was not a resident of Florida, the injury occurred in the territorial waters of the Cayman Islands, and there was no property involved in the plaintiffs injury that was located within Florida at the time of contracting.
The plaintiff further asserts that personal jurisdiction may be found pursuant to the indemnification provision found in the Tour Operator Agreement. The plaintiff, however, overlooks that she was not a party to that agreement, and that the Tour Operator Agreement specifies that “[o]ther than as expressly set forth [therein], this [Tour Operator] Agreement shall not be deemed to provide third parties with any remedy, claim, right or action or other right.” Because the plaintiff is neither suing, nor could sue, under the Tour Operator Agreement, she cannot use same as a basis for jurisdiction.[1] See Haughey, 13 So.3d at 1078.
Based upon the foregoing, we reverse the trial court’s order denying E & H’s motion to dismiss the third amended complaint for lack of personal jurisdiction. Because we reverse on this basis, we need not address the issues of whether there were “sufficient minimum contacts,” or E & H’s forum non conveniens claims.
Reversed and remanded.

. The plaintiff furthers this argument by asserting that because of the forum selection clause in the Tour Operator Agreement, jurisdiction exists pursuant to sections 685.101-102, Florida Statutes (2007). We again note that the plaintiff was not a party to, nor could she sue under, the Tour Operator Agreement, and therefore the forum selection clause cannot serve as a basis for personal jurisdiction with respect to a claim by a specifically excluded third party.