Steven ASH, Individually and as Parent and Natural Guardian of Tyler Ash and Kelsey Ash (minors), et al., Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD., et al., Defendants.

Case No. 13–20619–CIV.

United States District Court, S.D. Florida, Miami Division.

Dec. 18, 2013.

Carlos Felipe Llinas Negret, Law Offices of Lipcon, Margulies & Alsina P.A., Eric Charles Morales, Jacqueline Garcell, Michael A. Winkleman Lipcon, Margulies, Alsina, Winkleman, P.A., Miami, FL for Plaintiff.

Trevor George Hawes, Cole Scott & Kissane PA, Jacksonville, FL, Armando Pedro Rubio, Cole, Scott & Kissane, P.A., Jeffrey Eric Foreman, Noah Daniel Silverman, Tyler Jon Tanner, Foreman Friedman, PA, Miami, FL, for Defendants.

### *ORDER*

DONALD L. GRAHAM, District Judge.

**THIS CAUSE** came before the Court upon Defendant Dutch Tours' Motion to Dismiss [D.E. 61], Defendant's Motion to Strike Plaintiff's Corrected Notice of Filing Supplemental Authority [D.E. 83], the parties' Joint Motion for Entry of Scheduling Order Regarding RDVT's Forthcoming Motion to Dismiss for Forum Non Conveniens [D.E. 49] and Plaintiffs' Motion for Extension of Time to Complete Jurisdictional Discovery [D.E. 50].

**THE COURT** has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises.

## I. BACKGROUND

This action arises out of an incident that occurred on the island of St. Maarten. As part of Plaintiffs' cruise aboard the *Freedom of the Stars,* while docked in St. Maarten, Plaintiffs participated in the Loterie Farm Treetop Adventure Tour. On route to the Loterie Farm, Plaintiffs allege that they suffered injuries when the bus driver lost control of the bus and crashed into a ditch. Plaintiffs bring three causes of action against Dutch Tours: (1) Negligence (Count II, DE 1 ¶¶ 39–45); (2) Joint Venture (Count IV, DE 1 ¶¶ 54–65); and (3) Third Party Beneficiary (Count V, DE 1 ¶¶ 266–70). Dutch Tours asserts that the complaint should be dismissed in its entirety against Dutch Tours for lack of

personal jurisdiction pursuant to Fed. R.Civ.P. 12(b)(2), and each count against Dutch Tours should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

## II. LEGAL STANDARD

■ Whether a federal court has personal jurisdiction over a defendant is a question of law. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir.2000). The burden is on the Plaintiff to establish a prima facie case of personal jurisdiction over a nonresident defendant. *Id.* In order to determine whether this court has personal jurisdiction over the nonresident defendant, Dutch Tours, the Court must undertake a two-part analysis. First the court must determine whether the Florida long-arm statute provides a basis for personal jurisdiction. If so, then determine whether sufficient minimum contacts exist between Dutch Tours and the forum state so as to satisfy "traditional notions of fair play and substantial justice" under the Due Process Clause of the Fourteenth Amendment. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir.1996).

■ Florida Statute § 48.193 provides for two distinct categories of personal jurisdiction: specific jurisdiction under § 48.193(1) and general jurisdiction under § 48.193(2). Specific Jurisdiction under Section 48.193(1) "arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir.2000). "A court has the minimum contacts to support specific jurisdiction only where the defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Sherritt,* 216

F.3d at 1291 (Citing *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958)).

■ General personal jurisdiction under Section 48.193(2) arises from the defendant's contacts with the forum that are unrelated to the cause of action being litigated. *Id.* "The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state." *Id.*

■ Florida's long-arm statute is to be strictly construed. *Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.,* 701 F.2d 889, 891 (11th Cir.1983). "Under Florida law, the plaintiff bears the burden of proving personal jurisdiction: When a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents.'" *Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623, 627 (11th Cir.1996) (citing *Jet Charter Serv., Inc. v. Koeck,* 907 F.2d 1110, 1112 (11th Cir.1990), *cert. denied,* 499 U.S. 937, 111 S.Ct. 1390, 113 L.Ed.2d 447 (1991)). "A plaintiff seeking to subject a nonresident defendant to jurisdiction of the court through the long-arm statute must do more than allege facts that show a possibility of jurisdiction." *Jet Charter Serv., Inc. v. Koeck,* 907 F.2d 1110, 1112 (11th Cir.1990).

## III. DISCUSSION

### A. Florida Long Arm Statute

#### 1. Specific Personal Jurisdiction

■ Plaintiffs' Complaint alleges that "Excursion Entities are subject to jurisdiction of the Court because they maintain an office and sell shore excursion tickets in

Miami, Florida under/or sell shore excursion tickets through RCCL's website which is administered in Florida." [D.E. 1, ¶ 14]. Plaintiffs argue that specific jurisdiction exists under section 48.193(1)(a), Florida Statutes, which provides in pertinent part:

48.193 Acts subjecting person to jurisdiction of courts of state.—

 (1) any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

 (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

§ 48.193(1)(a), Fla. Stat. (2009). Plaintiffs however fail to allege facts showing that Dutch Tours itself operated, conducted, engaged in, or carried on a business or business venture in Florida, or that Dutch Tours has an office or agency in Florida as required under Fla. Stat. § 48.193(1)(a). Moreover, Plaintiffs allege that the claims arise out of events occurring in St. Maarten, not out of any business activity of Dutch Tours in Florida. To the contrary, the Record evidence shows that Dutch Tours does not have an office or agency in Florida nor does it conduct business in Florida. [See D.E. 61–1, the McRae Declaration and D.E. 61–2, Dutch Tours Deposition]. Dutch Tours' business activities are exclusive to St. Maarten, having no employees, real or personal property, or assets in the State of Florida. *Id.* Dutch Tours does not directly sell tickets for its excursions in Florida and has no control over how RCCL sells tickets for excur-

sions in St. Maarten. *Id.* Dutch Tours does not directly advertise in the United States. [See D.D. 61–2, Dutch Tours Deposition, 63:6–8]. Defendant Dutch Tours has shown through affidavits, documents or testimony that Dutch Tours does not conduct its business operations in Florida. Plaintiffs have not provided any evidence or alleged any facts to prove otherwise.

Rather, Plaintiffs appear to suggest that Dutch Tours was conducting business in Florida through an agency or joint venture relationship with RCCL, relying on Defendant RCCL's Response to Plaintiffs' Jurisdictional Request for Admission, No. 1 for the proposition that "Royal Caribbean admits that if an entity sold shore excursions/tours to persons in residing in Florida, or anywhere else for that matter, the same could be considered a business venture." [D.D. 67, Exhibit 9]. Plaintiff further asserts that connexity is established because "Dutch Tours worked with and contracted with Royal Caribbean for 35 years, to provide transportation and shore excursions for Royal Caribbean passengers ... and the subject accident occurred while Dutch Tours was transporting Royal Caribbean passengers/plaintiffs to a shore excursion ..." *Id.* The Court finds Plaintiffs argument without merit.

 In order to show an agency relationship, the plaintiff must show: "1) acknowledgment by the principal that the agent will act for it; 2) the agent's acceptance of the undertaking; and 3) control by the principal over the action of the agent." *E & H Cruises, Ltd. v. Baker,* 88 So.3d 291, 295 (Fla.Dist.Ct.App.2012), reh'g denied (May 30, 2012), *review denied,* 107 So.3d 403 (Fla.2012). Here, as in *E & H,* the agreement between RCCL and Dutch Tours specifically states that Dutch Tours is an independent contractor and that the parties are not each other's agent respectively. [See D.E. 61–3, Tour Opera-

tor Agreement, Section 9]. Additionally, under Florida law, the mere fact that tickets to an excursion are sold in Florida through RCCL is insufficient to constitute "[o]perating, conducting, engaging in, or carrying on a business or business venture" as required by section 48.193(1)(a). *E & H Cruises, Ltd. v. Baker*, 88 So.3d at 295. Unable to demonstrate either a principal/agent or joint venture relationship between RCCL and Dutch Tours, the plaintiffs' argument for personal jurisdiction under section 48.193(1)(a) fails. *Id.*

Plaintiffs' complaint also alleges that "Excursion Entities are believed to have also agreed to indemnify RCCL for the claims made in this complaint within the meaning of Florida Statute § 48.193(d)." [D.E. 1, ¶ 13]. The record evidence in this case does not support Plaintiffs' claims. Accordingly, Plaintiff's argument for personal jurisdiction under section 48.193(1)(d) fails.

### 2. General Personal Jurisdiction

Plaintiff argues that there is general jurisdiction over Dutch Tours pursuant to Fla. Stat. § 48.193(2). However, Plaintiffs have not alleged, nor plead sufficient factual allegations supporting, personal jurisdiction under Fla. Stat. § 48.193(2). Accordingly, Plaintiffs' claims against Dutch Tours are dismissed for lack of jurisdiction under Fla. Stat. § 48.193(2).

 Even assuming the Court determined that plaintiffs satisfied their initial burden of pleading sufficient facts to form a basis for general jurisdiction under Fla. Stat. § 48.193(2), Dutch Tours raises a meritorious challenge to personal jurisdiction. Specifically, the record evidence demonstrates that Dutch Tours minimal contacts with Florida are not sufficiently systematic and continuous to confer jurisdiction under § 48.193(2).

## IV. CONCLUSION

Dutch Tours has met its burden of challenging any basis for asserting personal jurisdiction over it. Accordingly, even if the Court determined that plaintiffs satisfied their initial burden, plaintiffs failed to adequately rebut Dutch Tours submissions. For the foregoing reasons, the Court finds that Plaintiffs have failed to sustain their burden of proving that personal jurisdiction over defendant Dutch Tours exists in Florida. Plaintiffs' claims against Dutch Tours are dismissed for lack of personal jurisdiction.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Dutch Tours' Motion to Dismiss [D.E. 61] is **GRANTED.** It is further

**ORDERED AND ADJUDGED** that Defendant's Motion to Strike Plaintiff's Corrected Notice of Filing Supplemental Authority [D.E. 83] is **GRANTED.** Plaintiff's Corrected Notice of Filing Supplemental Authority is stricken with prejudice and will not be considered in ruling on Dutch Tours' Motion to Dismiss (DE 61). It is further

**ORDERED AND ADJUDGED** that the parties' Joint Motion for Entry of Scheduling Order Regarding RDVT's Forthcoming Motion to Dismiss for Forum Non Conveniens [D.E. 49] and Plaintiffs' Motion for Extension of Time to Complete Jurisdictional Discovery [D.E. 50] is **DENIED as moot.**