310 So.2d 356 (1975)
CHRYSLER CORPORATION, Appellant,
v.
Ardean MILLER, Appellee.
No. 74-890.
District Court of Appeal of Florida, Third District.
March 11, 1975.
Rehearing Denied April 22, 1975.
Mershon, Sawyer, Johnston, Dunwody & Cole and Fred N. Kellner, Miami, for appellant.
Wayne & Genden, P.A., Miami, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
HAVERFIELD, Judge.
Defendant-appellant appeals an adverse final judgment entered after a directed *357 verdict for the plaintiff-appellee in this action for implied breach of warranty.
In November 1969, plaintiff-appellee purchased a 42 foot, 9 ton Gallen houseboat equipped with two DANA 80 outdrives and two Chrysler 225 H.P. engines from Lauderdale Marina for $25,000. Shortly thereafter, in February or March of 1970, plaintiff, Ardean Miller, began experiencing trouble with the power systems, i.e. a breakdown in the outdrive unit, the first of approximately 13 failures with the DANA 80 outdrives. He had repairs made at several different places, all authorized representatives of defendant-appellant, Chrysler Corporation, which paid for the necessary repair work.[1]
After the first series of failures with the outdrives, plaintiff contacted directly Mr. Ottaviani, the president of the Chrysler Marine Division. Plaintiff-appellee was advised by defendant to install Chrysler 440 H.P. engines and DANA 90 outdrives. After having followed this advice, plaintiff experienced 12 failures with this power-train package. Finally, plaintiff installed Chrysler 225 H.P. engines and V-drives which worked without any breakdown problems. Thereupon, plaintiff filed suit against Chrysler for breach of implied warranty of fitness. The cause proceeded to trial by jury and at the conclusion of all the evidence, the trial court granted plaintiff's motion for directed verdict. Thereafter, the jury returned a verdict of $65,000 in favor of the plaintiff and the court entered judgment thereon.
Defendant, Chrysler Corporation, appeals therefrom.
Basically, we find that § 672.315, Fla. Stat., F.S.A. is dispositive of the issues raised in this appeal.
"672.2-315 Implied warranty; fitness for particular purpose
"Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose."
At the trial, several expert witnesses testified that (1) the lubricating system was defective in the outdrives, (2) the universal joints created problems, and (3) both 225 H.P. engines with the DANA 80 outdrives and the 440 H.P. engines with the DANA 90 outdrives simply could not propel plaintiff's houseboat properly. Further, a representative of defendant also testified that the above systems were not proper for the houseboat.
When plaintiff, relying upon the representations of defendant and/or its agents purchased the Chrysler 440 H.P. engines and the DANA 90 outdrives, he had the right to expect that this power system properly would propel his Gallen houseboat. The systems having not been adequate, through no fault of his, plaintiff was entitled to be redressed therefor. Cf. Posey v. Ford Motor Company, Fla.App. 1961, 128 So.2d 149; Rehurek v. Chrysler Credit Corporation, Fla.App. 1972, 262 So.2d 452.
It being undisputed that the power systems were improper, the trial judge was correct in directing a verdict in favor of plaintiff.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.
NOTES
[1] The warranty slips therefor being introduced into evidence at the trial.