# Third District Court of Appeal

## State of Florida

Opinion filed August 17, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0338
Lower Tribunal No. 18-13783
_____

**D-I Davit International-Hische GMBH,**
Appellant,

vs.

**Jelen Carpio, etc., et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Wilson, Elser, Moskowitz, Edelman & Dicker LLP, and Steven C. Jones and Anthony P. Strasius, for appellant.

Lipcon, Margulies, Alsina & Winkleman, P.A., and Michael A. Winkleman and Carol L. Finklehoffe, for appellee Jelen Carpio.

Before LOGUE, LINDSEY, and BOKOR, JJ.

BOKOR, J.

Jelen Carpio brought this action as personal representative of the estate of her late husband, Diogenes Carpio, who died during lifeboat/rescue boat drills aboard a Norwegian Cruise Lines vessel, the *Norwegian Breakaway*. In this appeal, we address two claims against D-I Davit International-Hische GmbH (Davit DE): a tort claim for products liability under a theory of strict liability and a claim for breach of implied warranty of fitness for merchantability and fitness for a particular purpose.[1] Davit DE moved to dismiss both state law claims for lack of personal jurisdiction and appeals the trial court's denial of such motion.[2] As further explained below, we agree with Davit DE that Ms. Carpio failed to establish Florida's general or specific jurisdiction as it pertains to the claims at issue.

## BACKGROUND

Mr. Carpio worked for NCL (Bahamas) Ltd. as a seaman with the rank of second officer.[3] On July 20, 2016, Mr. Carpio was working aboard the *Norwegian Breakaway* in the navigable waters around Bermuda. On that day, Mr. Carpio was assigned to participate in several lifeboat/rescue boat

---

[1] We recognize the extensive procedural history of this case and the existence of multiple claims not addressed in this appeal. However, this appeal only addresses Ms. Carpio's state law claims against Davit DE in counts VI and VII of the amended complaint.

[2] We have jurisdiction. Fla. App. R. 9.130(a)(3)(C)(i).

[3] Mr. Carpio was a Filipino citizen, not a resident of Florida, at the time of the accident resulting in his fatal injury.

drills. During one such drill, Mr. Carpio entered a rescue boat on Deck 7 of the vessel. Once inside the rescue boat, a wire on the davit supporting the rescue boat snapped, causing Mr. Carpio to fall nearly six stories into the water on top of other seamen participating in the drill. Mr. Carpio passed away from his injuries. This fatal accident gave rise to the action against the defendants below.

Davit DE, a German corporation, manufactures and sells davits, which are crane-like devices used to support, hoist, and lower equipment including lifeboats. Davit DE is the parent company of D-I Davit International, Inc. (Davit US). The amended complaint alleges that Davit DE does business in Florida through its agent or representative, Davit US. Davit US is a foreign, for-profit corporation registered to do business in Florida.

The amended complaint alleges that Davit DE manufactured "and/or" sold the davits for the lifeboat system used aboard the *Norwegian Breakaway* when Mr. Carpio passed away and that Davit US "and/or" Davit DE "provided aftersales customer support to Defendant NCL, as to all aspects of the davits and lifeboat systems, including but not limited to annual and periodic inspections . . . as well as maintenance, repairs, technical help and crew training." The amended complaint relies primarily on these after-

3

sales inspection contracts, solicited in Florida, as the basis for personal jurisdiction over Davit DE.

## ANALYSIS

We review de novo a trial court's order denying a motion to dismiss for lack of jurisdiction. Fincantieri-Cantieri Navali Italiani S.p.A. v. Yuzwa, 241 So. 3d 938, 941 (Fla. 3d DCA 2018). General jurisdiction over a non-resident defendant requires "substantial and not isolated activity within this state." § 48.193(2), Fla. Stat. (2016).[4] That is, a plaintiff must show that a defendant engaged in "'continuous and systematic general business contact' with the state." Banco de los Trabajadores v. Cortez Moreno, 237 So. 3d 1127, 1134 (Fla. 3d DCA 2018) (citing Vos, B.V. v. Payen, 15 So. 3d 734, 736 (Fla. 3d DCA 2009)); see also Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (explaining that a court may assert general jurisdiction over a foreign corporation when "their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State") (citations omitted). Here, Ms. Carpio alleges that Davit DE is a foreign for-profit corporation "doing business in Florida through its agent

---

[4] Section 48.193(2), Florida Statutes, reads: "A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity."

and/or representative," Davit US, who is "registered to do business in Florida with offices and an officer/director in Ft. Lauderdale, Florida." Davit DE refutes, by affidavit, the allegation that it engages in business in Florida. Accordingly, the bare allegation of the amended complaint, without more, fails to establish general jurisdiction over Davit DE. See Gadea v. Star Cruises, Ltd., 949 So. 2d 1143, 1146 (Fla. 3d DCA 2007) (quoting Qualley v. Int'l Air Serv. Co., 595 So. 2d 194, 196 (Fla. 3d DCA 1992) ("[T]he 'presence of a subsidiary corporation within Florida is not enough, without more, to subject a non-Florida parent corporation to long-arm jurisdiction within this state.'"). In Gadea, this court explained:

> A substantial body of Florida law makes clear that it is only where a parent corporation exerts such extensive operational control over a subsidiary that the subsidiary is no more than an agent existing to serve only the parent's needs, that jurisdiction over the parent exists. Sharing some officers and directors, having a unified or "global" strategy and goals, cross-selling in promotional materials, and performing services for one another is not sufficient to satisfy this test.

949 So. 2d at 1146. Ms. Carpio failed to allege any facts demonstrating that Davit DE *itself* engaged in any business activities in this state,[5] or that Davit

---

[5] The fact that Davit DE's affidavit admits that it rented warehouse space in Florida, on its own and without more, fails to constitute "continuous and systematic general business contact with the state" necessary to establish general jurisdiction.

DE exerts substantial control over Davit US such that Davit US is no more than an agent controlled by Davit DE.  Accordingly, Ms. Carpio fails to allege sufficient facts to establish general jurisdiction over Davit DE.

Ms. Carpio similarly fails to allege facts sufficient to establish specific jurisdiction.  Specific jurisdiction requires a "claim-specific" analysis, governed by section 48.193(1)(a), Florida Statutes.[6]  Banco, 237 So. 3d at 1133.  The "provisions of Florida's long-arm statute governing specific jurisdiction expressly require allegations *both*: (i) that the defendant does one of the enumerated acts within Florida, *and* (ii) that the plaintiff's cause of action 'arise from' one of the enumerated acts occurring in Florida."  Id. at 1135.  These dual requirements are known as the statute's connexity requirement.  Id.  Accordingly, we conduct a separate analysis for each claim.

---

[6] Section 48.193(1)(a), Florida Statutes, explains that:

> [a] person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts . . . .

6

Here, the amended complaint alleges the elements of a strict liability claim. The elements for strict liability are: "(1) that a defect was present in the product; (2) that it caused the injuries complained of; and (3) that it existed at the time the retailer or supplier parted possession with the product." Lesnik v. Duval Ford, LLC, 185 So. 3d 577, 581 (Fla. 1st DCA 2016). But there's no connexity between the tort and Florida. The declaration filed by Davit DE's corporate representative, unrefuted by any other record evidence, establishes that the davits were designed, manufactured, and installed on the subject vessel in Germany, and that any Davit DE maintenance and inspection personnel boarded the vessel in New York and performed the inspection work at sea.

To sidestep this jurisdictional flaw, Ms. Caprio argues that Mr. Caprio was a third-party beneficiary of an inspection contract entered into between Davit DE and NCL (in Florida). This argument fails. The purported connexity to Florida must relate to the actual tort alleged, in this case, the tort of strict liability as to the manufacture or installation of the davits. None of the acts related to the alleged tort occurred in Florida. Neither Davit DE's alleged negligence in the performance of the separate inspection contract nor its alleged misrepresentations, directed to NCL in Florida regarding the fitness of the davits, relate to a strict liability claim for the design, manufacture, or

7

installation of davits in Germany.[7]  Because Ms. Carpio failed to connect her cause of action for strict liability to any activity that took place in Florida, it fails to satisfy the connexity requirement and Davit DE's motion should have been granted as to this count.

Ms. Carpio's cause of action for breach of warranty claims suffers from a similar deficiency.  The claim "requires a [showing that a contract was breached] in Florida 'by failing to perform acts required by the contract to be performed in this state.'"  Woodruff-Sawyer & Co. v. Ghilotti, 255 So. 3d 423, 430 (Fla. 3d DCA 2018) (applying section 48.193(1)(a)(7), Florida Statutes).

> An implied warranty of fitness for a particular purpose
> is conditioned upon the buyer's reliance on the skill

---

[7] Davit DE attached the declaration of Joachim Wiese, general manager of Davit DE, to its motion to dismiss.  Wiese attested that: (1) Davit DE's products, including the subject davits, are designed and manufactured by Davit DE in Germany; (2) Davit DE manufactured and sold the subject davits in Germany pursuant to an October 29, 2010 purchase order from the Mayer Werft shipyard, located in Papenburg, Germany; (3) the subject davits were installed on the *Norwegian Breakaway* in Papenburg, Germany; (4) construction of the *Norwegian Breakaway* was completed in February 2013; (5) NCL engaged Davit DE for annual inspection services regarding the davits installed aboard the *Norwegian Breakaway*; and (6) Davit DE personnel embarked on the *Norwegian Breakaway* in New York City and performed all work "on sea" onboard the vessel.  See Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502–03 (Fla. 1989) (explaining that a defendant contests allegations of the complaint concerning jurisdiction by filing affidavit(s) supporting his position and that the burden shifts to the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained).  In response, Ms. Carpio filed Wiese's Deposition which refutes none of the salient points in the declaration.

and judgment of the seller to supply a commodity suitable for the intended purpose. The warranty of merchantability applies when goods are offered for consumption by the public generally. Therefore, in order to be merchantable the goods must be fit for ordinary uses for which such goods are sold.

McLeod v. W.S. Merrell Co., Div. of Richardson-Merrell, Inc., 174 So. 2d 736, 738 (Fla. 1965) (citations omitted). A cause of action for breach of an implied warranty of fitness for a particular purpose focuses on the relationship between the buyer and the seller; here, Meyer Werft[8] and Davit DE. See Atlantic Distribs., Inc. v. Alson Mfg. Co., 141 So. 2d 305, 306 (Fla. 3d DCA 1962) ("An implied warranty of fitness for which an article is purchased arises as a matter of law where a buyer makes known to the seller the purpose for which he buys an article and relies upon the seller's skill and judgment.") (emphasis added); see also Chrysler Corp. v. Miller, 310 So. 2d 356, 357 (Fla. 3d DCA 1975) (defining implied warranty of fitness for a particular purpose as, "[w]here a seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods,

---

[8] Davit DE manufactured and sold the subject davits in Germany pursuant to an October 29, 2010 purchase order from the Meyer Werft shipyard, located in Papenburg, Germany where Meyer Werft constructed the *Norwegian Breakaway*. Additionally, the davits were installed on the subject vessel in Germany.

9

there is . . . an implied warranty that the goods shall be fit for such purpose") (emphasis added).

Ms. Carpio fails to connect the subject contract, the contract for sale between Meyer Werft and Davit DE, to Florida. The contract for sale, rather than any inspection contract entered between Davit DE and NCL, forms the basis for a breach of warranty claim. Accordingly, Ms. Carpio's attempt to create a nexus to Florida by claiming that Mr. Carpio was a third-party beneficiary of the inspection contract necessarily fails to establish the requisite connexity between the breach of warranty claim and Florida.[9] Further, the record establishes that Meyer Werft and Davit DE entered the subject contract in Germany. As such, the complaint fails to satisfy Florida's long-arm requirements for specific jurisdiction as it relates to the breach of warranty claim. See § 48.193(1)(a)(7), Fla. Stat.

Ms. Carpio's claims lack a sufficient jurisdictional connection with the forum state to support either general or specific jurisdiction over the claims

---

[9] As explained, Mr. Carpio, a citizen of the Philippines, lacked any connection to Florida and the accident underlying the causes of action occurred outside of Florida's jurisdiction. By interjecting the inspection contracts entered in Florida, Ms. Carpio attempts to provide the necessary hook to trigger specific jurisdiction over the claims at issue. The attempt fails, however, because even if we were to agree that the inspection contract conferred third-party beneficiary status on Mr. Carpio, the lack of connexity to the claims alleged bars a finding of specific jurisdiction.

10

discussed herein.  Accordingly, Davit DE's motion to dismiss counts VI and VII of the amended complaint should have been granted.

Reversed and remanded.